McCORMICK HARVESTING MACHINE Co. *vs.* WM. TAYLOR.

Opinion filed May 17th, 1895.

**Sale by Agent—Note to Principal—Defenses—Breach of Warranty.**

> When A., who was the agent of C. for the sale of certain machinery, sold a horse belonging to himself to .B., with a warranty, and received in payment therefor, B's note, made payable directly to C., and when there was a breach of the warranty, B. could properly, in an action brought against him by C. upon the note, set up such breach of warranty, and defeat a recovery, even where C. was ignorant of the transaction out of which the note arose, and received the same from A. upon a settlement of the agency account, and gave A. credit for the full amount thereof.

Appeal from District Court, Dickey County; *Lauder*, J.

Action by McCormick Harvesting Machine Company against William Taylor on a promissory note. Judgment for defendant, and plaintiff appeals.

Affirmed.

*A. T. Cole*, (*McCumber & Bogart*, of counsel,) for appellant.
*W. H. Rowe*, for respondent.

BARTHOLOMEW, J. Action on a promissory note given as purchase price for a horse. Defense of warranty of the horse and breach thereof by reason of horse being diseased with glanders. Counterclaim for damages by reason of the communication of the disease to other horses, and infection of stable. At the close of the testimony the court directed a verdict for defendant. Subsequently a motion for a new trial was denied, and defendant had judgment for costs. Plaintiff appeals. The case was correctly ruled, and on entirely elementary principles. Assuming all that plaintiff's evidence tended to prove as proven, and the facts are as follows: The firm of Martin & Strane were the agents of plaintiff at Ellendale, in this state, for the sale of machinery. For machinery so sold they accounted to plaintiff either in money or notes. Martin & Strane sold a piece of machinery of their own, not of plaintiff's manufacture, and received in payment therefor a horse. This horse they subsequently sold to defendant with a warranty.

The note in suit was taken in payment, but instead of being made payable to Martin & Strane they had it made payable to plaintiff, and turned it over to plaintiff in their next settlement, plaintiff at the time supposing that it had been taken in payment for its machinery. The horse was entirely worthless, and was killed by order of the proper authorities.

Plaintiff's sole ground for recovery upon the note rests upon the proposition that it is an innocent purchaser for value before maturity, and thus relieved from the defense pleaded. In other words, it claims to be a *bona fide* indorsee of the note. Section 4487, Comp. Laws, reads: "An indorsee in due course is one who, in good faith, in the ordinary course of business, and for value, before its apparent maturity or presumptive dishonor, and without knowledge of its actual dishonor, acquires a negotiable instrument duly indorsed to him, or indorsed generally, or payable to the bearer." Plaintiff did not acquire the note by indorsement. It was the payee named in the note. "A *bona fide* holder must be a purchaser in the usual course of business." Rand. Com. Paper, § 988. Plaintiff was not a purchaser in any such sense. It received the note from its agents as its property in the hands of its said agents. It was named as payee therein, and when it accepted the note in that form it was bound to know that it took it subject to any defenses that the maker had against it. See Rand, Com. Paper, § 1875. The case of *Aldrich* v. *Stockwell*, 9 Allen, 45, fully covers this case. We quote the head note: "If the vendor of an article with warranty of quality takes a promissory note for the price, payable on demand to a third person, and the article proves worthless, the maker of the note may rely upon the breach of warranty in defense to an action upon it by the payee, although he cannot show that the payee had any knowledge of the warranty, or took the note otherwise than in good faith and for value."

The judgment of the District Court is affirmed. All concur.