FIRST NATIONAL BANK OF WATERTOWN, Respondent,
v. SOMERS, Appellant.

(160 N. W. 523.)

(File No. 4015.   Opinion filed December 20, 1916.   Rehearing denied February 7, 1917.)

**Negotiable Instruments—Defenses—Failure of Consideration—Counter-claim Under Warranty—Bank Payee, Defenses as Against.**

A vendee of plows gave a promissory note for the amount of the purchase price to a bank, the amount being credited on account of the vendor. The plows were warranted by vendor, and the fact that the warranty was broken was known to the maker of the note prior to execution thereof; vendor having agreed with vendee to make certain repairs to remedy the defects covered by the warranty, etc.; the bank, at time of taking the note, being advised of said agreements, but being unaware of the warranty. **Held,** that the note is not subject to said defenses urgable against vendor, and the vendee, maker of the note, is liable thereon to plaintiff payee, notwithstanding the breach of warranty and of said agreement to repair; the bank would not be subject to such defenses unless it guaranteed performance of the agreement to repair, or acted as agent for vendor.

Appeal from Circuit Court, Codington County.   Hon. CARL G. SHERWOOD, Judge.

Action by the first National Bank of Watertown, against W. J. Somers, to recover upon a promissory note. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Hanten & Hanten,* and *Perrett F. Gault,* for Appellant.

*Irvin H. Myers,* for Respondent.

Appellant cited. McCormick Harvesting Machine Company v. Taylor, (N. D.) 63 N. W. 890.

WHITING, J. An action on a promissory note given by defendant to plaintiff. Defendant pleaded that said note was given in settlement of the purchase price of a set of plows bought of one A., and that there was a partical failure in the consideration for said note, owing to defects in said plows. Defendant also pleaded, as a counterclaim, damages which he claimed to have suffered owing to a breach of warranty, which he alleged was given by both A. and plaintiff, and which warranted the qualities of said plow and its appliances. Verdict and judgment were for plaintiff. This appeal is from such judgment and an order denying a new trial.

It is plaintiff's contention that it took this note from defendant and credited A. and his son with the amount thereof—that the transaction was exactly the same as though defendant had borrowed the money, represented by said note, from the plaintiff bank, and then had paid the money into the bank to be credited to A. While the evidence would tend to show that said plows were warranted by A. and that such warranty was broken, it also shows that, at the time the note in question was given, defendant had full knowledge that the plows did not come up to the warranty, and that, prior to the giving of such note, defendant and A. had entered into an agreement whereby A. agreed to repair such plows in certain respects—and thus remedy the defects covered by the warranty—and agreed to furnish a man to assist in running such plows until the same were repaired. The evidence shows that plaintiff, at the time it took the note, was advised of the said agreements, but there is absolutely no evidence that plaintiff was ever advised of any warranty given upon the sale of such plows. The only theory, therefore, upon which plaintiff could be holden would seem to be that it had guaranteed that A.

7—Vol. 38, S. D.

would make the repairs and furnish the help as agreed upon by A., or that plaintiff was acting as the agent of A. in the taking of said note, and therefore held the said note subject to all the defenses it would be subject to if given directly to A. and sued upon by A. We think there was no sufficient evidence to establish a guaranty, and certainly no evidence to establish an enforceable guaranty as the guaranty, if any, was oral. The instructions of the trial court fairly submitted this case to the jury upon the question of whether the plaintiff was A.'s agent in taking the note; moreover, defendant, in his brief, rejects the agency theory.

Defendant contends that plaintiff took the note subject to all defenses that he would have had if the note had been taken by A. in plaintiff's name and turned over to plaintiff by A.; and defendant cites the decision of the court of our sister state in McCormick H. M. Co. v. Taylor, 5 N. D. 53, 63 N. W. 890, 57 Am. St. Rep. 538, to the effect that, if the note had been so taken by A. in plaintiff's name and accepted by plaintiff, then such note would have been subject to any defense that could have been interposed against it, if running to A. as payee and sued upon by him, and this regardless of whether plaintiff had any notice of the facts upon which such defenses were based. If A. had taken this note in payment for the plows, and had taken same in plaintiff's name, plaintiff by accepting such note would have ratified the acts of A. in taking such note, and therefore would be bound by any warranties given by A. as a consideration for such note, and this regardless of any actual knowledge he may have had of such warranties. There is no analogy between such a situation and the situation with which we are confronted. Here the plaintiff is in no manner chargeable with knowledge of any facts, except those brought to its notice. It is therefore not chargeable with notice of the warranty, and, for the reasons hereinbefore stated, is not holden on the alleged guaranty.

The judgment and order appealed from are affirmed.