TRIPP STATE BANK, of Tripp, South Dakota, Appellant, v. JERKE, Respondent.

(187 N. W. 314.)

(File No. 5025.   Opinion filed June 5, 1922.   Rehearing denied August 5, 1922.)

1.   Negotiable Instruments—Notes Taken in Lieu of Corporate Stock Notes Given Without Consideration—Suit by Payee, Whether Plaintiff Holder in Due Course, Whether Amount Recoverable as Loan.

Where notes, executed by reason of false and fraudulent representations concerning the corporation and its stock by an agent of corporate bank stock, in consideration of issuance to him of stock which never was issued, were taken by plaintiff bank after its president had been informed of said representations, by maker, said president agreeing he would help defend-

ant maker resell the stock he had subscribed for, said notes having been substituted by new notes payable to the bank, which issued and delivered to the corporate agent certificates of deposit for face value of the new notes, which certificates were payable on the day on which the original notes became due, the original notes having been delivered up to maker; held, plaintiff was not entitled to recover the face value of the notes, either as a holder in due course of the original notes, or as a loan on the new ones; that plaintiff took the new notes (sued on) as payee from defendant, therefore cannot be such holder; neither did plaintiff loan defendant any sum whatever, but purchased the original notes from said corporation, though not under circumstances making it a holder in due course.

2. Corporations—Foreign Corporations, Non-compliance With Statute Re "Doing of Business," Acquiring Property—Taking Stock Subscriptions, Accepting Payment Notes, as "Doing Business"—Statute.

A foreign corporation, not having complied with Sec. 8902, R. C., providing that, with certain exceptions not material here, no corporation shall transact business or acquire holdings or dispose of property in this state until it shall have filed with the Secretray of State certified copy of its articles and have filed in said office appointment creating such Secretary of State agent of the corporation for servicee of process, and Sec. 8909, providing with certain exceptions, that any contract entered into in this state before said provisions are complied with shall be void on behalf of the corporation and its assigns, cannot successfully contend that the act of taking through its agent of its stock subscriptions and accepting payment notes therefor, did not constitute "doing of business" as defined in Walters Co. v. Hahn, 43 S. D. 153; that while said acts constituted more than an isolated transaction, yet a single transaction does not constitute "doing of business," under Sec. 8909, unless such transaction falls within such exception to the law. So, held, in a suit by payee of notes given in lieu of original notes executed to such corporation in consideration of corporate stock to be issued but never issued therefor; that said original notes and those given in lieu thereof are void in hands of payee named therein.

3. Negotiable Instruments—Payee, Imputed Knowledge of That Maker Has Received Consideration.

The payee in a promissory note is charged with knowledge of circumstances under which it was executed, and is bound to know that payer has received valuable consideration therefor.

Gates, P. J., concurring in the result.

Appeal from Circuit Court, Minnehaha County. Hon Louis L. Fleeger, Judge.

Action by the Tripp State Bank, of Tripp, South Dakota, against David Jerke, to recover upon promissory notes. Both parties having moved for directed verdict, and court having discharged the jury and made findings of fact and conclusions of law for defendant; from a judgment entered thereon, and from an order denying a new trial, plaintiff appeals. Affirmed.

*Kirby, Kirby & Kirby,* for Appellant.

*H. A. Doyle,* and *Bogue & Bogue,* for Respondent.

(1) To point one of the opinion, Appellant cited: Secs. 1756, 1760, R. C.; Citizens Trust & Savings Bank v. Empey, 34 S. D. 361; Sec. 1756, R. C.; Ochsenreiter v. Block (S. D.) 173 N. W. 763; Stone v. Goldberg & Lewis (Ala.), 67 So. 839.

Respondent cited: Britton Milling Co. v. Williams (S. D.), 184 N. W. 265; Bradshaw v. Miners Bank of Joplin, 81 Fed. 902, 26 C. C. A. 673; Bank of Gresham v. Walch (Ore.), 147 Pac. 534; Vanderploeg v. Van Zook, 135 Ia. 350, 112 N. W. 807, 13 L. R. A. (N. S.) 490.

(2) To point two, Appellant cited: Charles E. Walters Co. v. Hahn, 43 S. D. 151; Clark v. Kansas Petroleum Co. (Mo.), 129 S. W. 466.

Respondent cited: Secs. 8902, 8909, R. C.; Southern Slate Co. v. Stevens (Wis.) 120 N. W. 408, 29 L. R. A. (N. S.) 92; John Deere Plow Co. v. Wyland (Kas.), 76 Pac. 863; Commission Co. v. Haston. 74 Pac. 1028.

(3) To point three, Appellant cited: Padgett v. Lewis (Fla.), 45 So. 29; First State Bank of Corinth v. Williams, (Ia.) 121 N. W. 702.

POLLEY, J. This action is brought to recover on two promissory notes executed by defendant, and in which plaintiff is named as payee. At the close of the testimony both sides moved for a directed verdict. Thereupon the court discharged the jury and made findings of fact and conclusions of law favorable to defendant. From a judgment entered thereon, plaintiff appeals.

The notes in question were given in lieu of two other notes of equal amounts executed by defendant and payable to the Midland Cattle Loan Company, and were acquired by plaintiff in the following manner: The original notes were executed by defendant at his home in Charles Mix county on the 28th of November, 1919, payable six months after date, and given to Kritzer & Pat-

terson, agents for the sale of the capital stock of the Midland
Cattle Loan Company, in payment for 200 shares of the capital
stock of that company, subscribed for by the defendant at the
time of the execution of the said notes. About the 17th day of
December following, defendant received a letter from plaintiff in
words and figures as follows:

"We have made arrangements to purchase two of your notes,
one of $2,500.00, and another one for the same amount. We
would like to have you call at this bank at once and we wish to
ask you a few questions regarding them before we pass over the
money."

Defendant paid no attention to this letter. On the 23d day
of December an officer of the plaintiff bank telephoned to de-
fendant to the effect that plaintiff was negotiating for the pur-
chase of said notes and asked defendant to come to the bank at
once. In response to this message, defendant went immediately
to the bank. A conversation occurred between defendant and the
officers of the bank relative to the manner in which the notes had
been obtained. Defendant told plaintiff of a number of false and
fraudulent representations that had been made to defendant by
said agents in order to procure said notes, and also called plain-
tiff's attention to the fact that the notes had been altered by some
person unknown to him after they left his hands by the insertion
of the words "Sioux City, Iowa," immediately before the words
and figures, "November 28, 1919." Defendant further told plain-
tiff that the deal looked crooked to him and that he would give
plaintiff $1,000 to get him out of it. No certificates of stock in
the Midland Cattle Loan Company were ever delivered to or tend-
ered to defendant, and, so far as appears from the evidence, no
certificates of stock in that company were ever issued to defendant
nor to any person for him. At the close of this conversation, the
president of the bank told the defendant that he would help de-
fendant resell the stock he had subscribed for in the Midland
Cattle Loan Company. The officers of the bank then proceeded
to make out two notes for $2,500 each, payable to plaintiff. Each
was dated November 28, 1919, and payable six months after date.
At plaintiff's solicitation these notes were signed by defendant and
turned over to plaintiff. Plaintiff then made out certificates of
deposit amounting to $5,000 payable to the Midland Cattle Loan

Company, payable on the 28th day of May, 1920, the same day on which the notes were due. The certificates were then turned over to the agent of the Midland Cattle Loan Company, who was there for the purpose of negotiating defendant's notes of November 28, 1919, who in turn delivered said notes to plaintiff, who turned them over to defendant. Defendant never received anything of value from either plaintiff or the Midland Cattle Loan Company for any of the notes he had signed. Some time during the month of May, 1920, defendant paid plaintiff the interest due on the notes held by plaintiff.

[1] Plaintiff claims it is entitled to recover $5,000 either as a holder in due course on the original notes, or that it is entitled to recover $5,000 as a loan on the new notes. It is not entitled to recover on either ground. Plaintiff took the notes sued upon as payee from defendant and therefore cannot be a holder in due course. Britton Milling Co. v. Williams (S. D.) 187 N. W. 159. Neither did plaintiff loan defendant $5,000 or any other sum whatever. What plaintiff did was to purchase the two original notes executed by defendant from the Midland Cattle Loan Company, but not under circumstances that made plaintiff a holder in due course of those notes.

[2, 3] In addition to the matters above set out relative to the making of the original contract between the Midland Cattle Loan Company and respondent, it is a fact that said company was a foreign corporation but had not complied with the foreign corporation law of this state; neither had it complied with the requirements of the so-called "Blue Sky Law" of this state (Rev. Code 1919, § 10127 et seq.), which facts, however, were not known to respondent until after the execution of the notes sued upon in this action.

[4] Section 8902, R. C., provides that, with certain exceptions that do not include the Midland Cattle Loan Company, no foreign corporation shall transact business or acquire, hold, or dispose of property in this state until it shall have filed in the office of the Secretary of State a certified copy of its articles of incorporation, and shall also have filed in the office of the Secretary of State an appointment creating such Secretary of State the agent of such corporation for the service of process. And section 8909 provides, with certain exceptions not material to this case, that any contract

entered into in this state before the above provisions of law have been complied with shall be wholly void on behalf of such corporation and its assigns. It is contended by respondent that under the provisions of this law the original notes were void, that appellant had sufficient knowledge at the time it purchased said notes to have put it upon inquiry that would have disclosed said facts, and that therefore the notes given in lieu of the original notes are void in the hands of appellant. On the other hand, it is contended by appellant that the transaction involved was only an isolated transaction and did not constitute the "doing of business" as defined by this court in Walters Co. v. Hahn, 43 S. D. 153, 178 N. W. 448. That case is not decisive of the question. The Midland Cattle Loan Company not only took the subscription for stock, but accepted promissory notes, and later on was engaged in negotiating and indorsing such notes. This constituted more than an isolated transaction. But a single transaction constitutes the "doing of business" under the terms of section 1909, unless for some reason such transaction falls within some exception to the law, and the party claiming the benefit of the exception has the burden of showing such fact. This appellant has not attempted to do. The original notes were void in the hands of the payee, and the notes given in lieu thereof are also void in the hands of the payee named therein. The payee in a promissory note is charged with knowledge of the circumstances under which the same was executed and is bound to know that the payer has received a valuable consideration therefor. McCormick H. M. Co. v. Taylor, 5 N. D. 53, 63 N. W. 890, 57 Am. St. Rep. 538.

The notes being void on the above ground, it is not necessary to consider the other defenses interposed by the respondent.

The judgment appealed from is affirmed.

GATES, P. J. I concur in the result, but believe that defendant by executing the new notes waived the defenses that the foreign corporation laws and the "Blue Sky" laws had been violated. I therefore think that the opinion should exclude reference to those matters.