FARMERS SAVINGS BANK OF RUTHVEN, Appellee, v. S. S. GRANGE, Appellant.

**BILLS AND NOTES:** Defenses—Unpleadable Fraud. The purchaser of property who, in order to pay therefor, executes a note to a bank as payee, and delivers it to the agent of the seller of the property for the purpose of enabling the said agent to get the money provided that the bank would accept the note, may not, after the bank in good faith has advanced the money to the agent, plead the fraud of the agent as a defense to the note; such transaction constituting a straight loan to the said maker.

**Headnote 1:** 8 C. J. p. 782.

*Appeal from Palo Alto District Court.*—D. F. COYLE, Judge.

APRIL 7, 1925.

SUIT on a promissory note payable to plaintiff. The defense was that the note was given for a stock subscription, and was obtained by false and fraudulent representations, and that the agent of the corporation securing the same had no permit

to sell stock in Iowa. The court directed a verdict in favor of the plaintiff, and the defendant appeals.—*Affirmed.*

*Daniel Kelly,* for appellant.

*E. A. & W. H. Morling,* for appellee.

FAVILLE, C. J.—On May 19, 1919, appellant executed his certain promissory note in the principal sum of $1,000, payable to appellee. On October 28, 1920, the note in suit was executed, it being for $1,118.16, the amount of principal and interest due on the former note. Appellant contends that the original note was procured from him by one Barringer, as the purchase price of certain shares of stock in a corporation organized under the laws of the state of Colorado, and known as the "Submersible Boat Company." The evidence of appellant tends to show that, on or about the time of the giving of the original note, Barringer solicited appellant to purchase said shares of stock in the said Submersible Boat Company. It is contended by appellant that at said time the said Barringer made certain representations regarding said corporation and its business. Appellant pleads that said representations were false and untrue. It appears that, at or about said time, the boat which it was proposed should be manufactured by the corporation was on exhibition in the lobby of appellee bank, and that Barringer, who procured the note from appellant, was the nephew of the president of the said bank.

I.   At the outset, it is to be noticed that the note in suit was not given to the corporation whose shares of stock appellant purchased, nor to any agent or representative of the corporation. The original note, of which the note in suit is a renewal, was given directly to appellee bank. The bank did not purchase the note from the agent, Barringer, nor from the corporation. Barringer brought the note to the bank, and the bank accepted it as a loan, and advanced the face of the note to Barringer. The note was not indorsed by the corporation, nor by the agent. It was apparent on the face of the instrument that neither the corporation nor Barringer could transfer the note. If appellee had refused to accept the note and make the loan, it would have been worthless in the hands of any other person.

Appellant testified that Barringer suggested that the note

be made out to the bank; and that he had made notes before to the bank, and knew that, when he made a note payable to the bank, the money due on the note would have to be paid to the bank. He testified that, when he signed the note, he knew it was payable to the bank, and that the bank would have the note and have the money when the note was paid.

The officer of the bank who took the original note and advanced the money thereon was the sole representative of the bank concerned in the transaction, and his evidence shows that he had no knowledge whatever of any defenses to said note; that he knew appellant as maker of said note, and considered it a good note and a good loan; that the bank at the time had plenty of funds to loan, and that he took the note as a direct loan by the bank to appellant. The bank advanced the face of the note.

Appellant renewed the original note directly to the bank, giving therefor the note in suit, including therein the interest due on the original note, and extending the time of payment.

There is no evidence whatever that Barringer was in any way acting for and in behalf of appellee bank in selling the stock to appellant, or in procuring the note. Appellant knew that the note was made payable to the bank, and knew that Barringer expected to take the note to the bank, and that, if the bank approved of the same, the face of the note was to be paid to Barringer. Knowing these facts, and under these circumstances, appellant signed the note and placed it in the hands of Barringer for the purpose of procuring the money from the bank. The transaction cannot, under these circumstances, be construed in any other light than as a loan from the bank to appellant.

Barringer was not acting as agent for the bank, but rather as agent of appellant, in taking the note to the bank and procuring the loan. He was authorized by appellant to obtain the face of the note from the bank, if it accepted the note and cashed the same. This the bank did, without any notice or knowledge on its part of any fraud or false representations by Barringer to appellant.

There are no facts or circumstances shown in the case to indicate any collusion on the part of the bank and Barringer. According to his own admission, appellant made the note pay-

able to the bank for the obvious purpose of securing a loan of $1,000 from the bank, and placed the note in the hands of Barringer to deliver to the bank for said purpose.

We think the trial court was correct in construing the transaction as a loan by the bank to appellant, and that his defense of fraud in the procurement of the note, on the part of Barringer, was not available as against appellee, either on the original note or the renewal thereof, which appears to have been made at a time when appellant knew or was chargeable with notice of the fraud relied upon. Appellee is not in the position of one claiming to be a bona-fide holder of the note in due course, but it is the original payee of the note, which accepted the note as evidence of a loan made directly to appellant; and, no fraud or misrepresentation on the part of appellee or anyone acting for it having been shown, the defense of fraud, urged by appellant, is not available to him.

II. In view of our conclusion as to the nature of the transaction involved, it is unnecessary that we consider other errors urged by appellant; but it may not be improper to say that, from an examination of the record, it is doubtful whether there was sufficient evidence of any false and fraudulent representation of existing facts, as distinguished from expression of opinion, that could be the basis of a defense of fraud, even if the same were available to appellant, or that there was sufficient proof of the falsity of the representations relied upon, to carry the question to the jury.

We find no error in the record, and the judgment of the district court must, therefore, be—*Affirmed.*

Evans, De Graff, and Vermilion, JJ., concur.