Zimmerman, J.
The controlling issue in this case is whether a failure or want of consideration on the part of the seller of equipment may be raised as a valid defense to a promissory note executed by the purchaser of such, equipment directly to a loan company, the proceeds of which were turned over by the loan company to the seller to pay for such equipment.
Throughout this litigation Tyarks has attempted to place Trombette and the loan company on the same footing. Under the evidence we think this can not be done. The loan company, an independent agency, fulfilled its obligation when it furnished the means whereby Tyarks was enabled to purchase the scrubbing and waxing machine. This constituted a good and sufficient consideration for the promissory note as far as the loan company was concerned. The fact that Tyarks entered into an unfortunate transaction with one who failed to meet promises made in certain respects may not be charged to the loan company, in the absence of a showing that it participated in or had knowledge of Trombette’s dereliction.
In reality, the situation is the same as if Tyarks had gone directly to the loan company, executed the promissory note there and had then paid the proceeds received from such note to Trombette. In those circumstances a want or failure of *567 consideration affecting the loan company’s rights conld not he asserted against it successfully. Simply because the blank spaces on the promissory note were filled in by Trombette and he was later paid money on the note does not operate to defeat the loan company. Putting the matter a little differently, when Tyarks voluntarily executed the promissory note made payable directly to the loan company and received the floor scrubbing and waxing machine, he in contemplation of law authorized the loan company to pay the seller of the machine. The loan company at all times was making the loan to Tyarks, and, if its hands were clean, Tyarks may not interpose Trombette’s broken promises as to training and assistance against the loan company and thus establish a failure or want of consideration for the note on that basis. The cases so hold. See Cook v. Parker, 22 Cal. App. (2d), 539, 71 P. (2d), 591; Utah State National Bank v. Stringer, 44 Idaho, 599, 258 P., 522; First National Bank of Watertown v. Somers, 38 S. D., 96, 160 N. W., 523; Farmers Savings Bank of Ruthven v. Grange, 199 Iowa, 978, 203 N. W., 37.
It was determined by the trial court as disclosed by its charge to the jury that the loan company was free from fraud or misrepresentation. The issue was confined by the court to the failure or want of consideration for the note as between the loan company and Tyarks. The court refused to give an instruction requested by counsel for the loan company to the effect that any failure of consideration between Klean-O-Matic • (represented by Trombette) and Tyarks after the note was received by the loan company and the money thereon paid out would not constitute a defense to the loan company’s action.
Stress is to be laid on the point that the loan company was purely a money lending institution and furnished its money to enable Tyarks to purchase the floor scrubbing and waxing machine, and here is where the lower courts beeame confused. They failed to appraise correctly the loan company’s position in the transaction. Although it is perfectly true that failure or want of consideration may be raised against the promisee of a note, such failure must be attributable to the promisee and not to some third person operating independently of the promisee,
*568 As has been indicated, the issue in this case is whether there was a failure or want of consideration as concerns the loan company. In submitting the case to the jury, the trial court placed the burden of proof as to consideration on the loan company. In this there was error prejudicial to that company. Section 1301.26, Revised Code, provides:
“Every instrument is prima facie issued for a valuable consideration; and every person whose signature appears thereon becomes a party thereto for value.”
Section 1301.30, Revised Code, recites:
“Absence or failure of consideration is matter of defense as against any person not a holder in due course, and partial failure of consideration is a defense pro tanto, whether the failure is an ascertained and liquidated amount or otherwise.”
Under the generally accepted view in Ohio and elsewhere, a failure of consideration is an affirmative defense and the burden of proof is on the one who asserts it. In a number of jurisdictions want or lack of consideration is treated in the same way. 8 American Jurisprudence 594, 597, Sections 1005, 1008.
Although in the case of Ginn, Admr., v. Dolan, 81 Ohio St., 121, 90 N. E., 141, 135 Am. St. Rep., 761, 18 Ann. Cas., 204, it was held that the burden of showing consideration continues to rest on the plaintiff after the interposition of a defense of a want or lack of consideration, that case dealt with a promissory note executed before the adoption in Ohio of the Uniform Negotiable Instruments Law. In the interests of uniformity and in the spirit, at least, of the negotiable instruments law, we think Ohio should align itself with the view that the burden of proof with respect to failure of consideration as well as to the want or lack of consideration should be placed on the defendant. For an interesting discussion of the matter attention is directed to 40 Ohio Jurisprudence (2d), 413, Section 482.
For the reasons stated, the judgment of the Court of Appeals is reversed and the cause remanded to the Akron Municipal Court for further proceedings in conformity with this opinion.
The fact that the loan company still has in its possession *569 the sum of money representing the “dealer’s reserve” might be an element for consideration in such further proceedings.

Judgment reversed.

Weygandt, C. J., Taft, Matthias, Bell, Bryant and O’Neill, JJ., concur.
Bryant, J., of the Tenth Appellate District, sitting by designation in the place and stead of Herbert, J.