[Civ. No. 17747. Third Dist. May 8, 1979.]

GERALD G. SWANSON, Plaintiff and Respondent, v.
ROBERT S. SKIFF et al., Defendants and Appellants.

**Counsel**

Darrel D. Tipton for Defendants and Appellants.

Dennis N. Westerberg and Mills & Westerberg for Plaintiff and Respondent.

**Opinion**

**REYNOSO, J.**—The trial court ruled that defendants were obligated to pay on a promissory note they executed. They argue that there was no

consideration since plaintiff had paid the amount of the note to a corporation owned by the three of them prior to the execution of the note. Accordingly, they maintain a prior contribution is not consideration.

Quite to the contrary, we are convinced that since defendants agreed to execute the promissory note at the time the contribution was made by plaintiff, consideration exists. That the note was executed thereafter in fulfillment of the promise does not denude it of consideration. We affirm.

Richard Mills, Steven Skiff and defendant Skiff incorporated Sunburst Citrus Products, Inc., in August 1972. Plaintiff originally contributed $8,500, which was used in corporate activities. Four months later, in December 1972, plaintiff and defendants, together with Mills, met to discuss the financial contributions to be made by each of the investors. Plaintiff agreed to contribute an additional $16,500 for a total contribution of $25,000. Defendants Skiff and McGlothlan agreed that they would contribute $25,000 between them, and Mills agreed to contribute $7,500. In return for the contributions Skiff and McGlothlan were to receive 50 percent of the stock of the corporation, plaintiff 35 percent, and Mills 15 percent.

Plaintiff made his additional contribution of $15,500 in February 1973. Defendants had been unable to raise their share, and could contribute only $9,500. Since plaintiff felt that without the full contribution from defendants the corporation might not succeed, he wished to have security for his investment. Defendants agreed to sign a promissory note in the amount of $15,500, payable to plaintiff on August 15, 1973, in the event that they had not contributed their share to the corporation by that time.

On February 15, 1973, defendants executed a promissory note in favor of plaintiff. The note reads: "Due August 15, 1973, (only if not paid to Sunburst)." The note is in the amount of $15,500, bears no interest, and provides for attorney fees in the event suit is necessary to enforce collection. Both defendants acknowledged at trial that they signed the note. It was stipulated that no money exchanged hands at the time the note was signed.

Neither defendant contributed money to the corporation after signing the note. Plaintiff testified that when the note became due in August 1973, he made demand upon Skiff for payment and that he made other demands at subsequent times, but no payment was made. Plaintiff did not recall whether he had made demand upon McGlothlan. Skiff admitted that the payment on the note was due and that no payment had

been made, but denied that payment had been demanded. In September 1974, the corporation ceased operations.

Plaintiff filed a complaint stating two causes of action, the first for amounts due and payable on the note, and the second for conspiracy to obtain money from plaintiff with no intention of repaying. Defendants answered denying each allegation and asserting eight affirmative defenses as follow: failure to state a cause of action; failure of consideration; contributory negligence; unreasonable delay in making demand for payment; that moneys advanced were for capital contribution to the corporation and not to defendants individually; that services rendered by defendants to the corporation exceeded the amount of the note; estoppel; and that attorney fees may not be awarded since plaintiff failed to make demand for payment.

At trial defendants testified that they had foregone their salaries and made other personal contributions in excess of the amount they owed the corporation. No documentation was presented in support of their testimony. Plaintiff testified that the agreement was that salaries were not to be paid until the corporation was making a profit.

I

■ Was there consideration for the note? Defendants argue that plaintiff paid his contribution to the corporation prior to the execution of the note and that the prior contribution will not serve as consideration for the note. Our analysis, somewhat different than defendants', leads us to an affirmative conclusion.

Initially we note that the amended judgment recites that findings of fact and conclusions of law were filed, yet defendants' designation of the contents of the clerk's transcript did not request that the findings and conclusions be made a part of the record. Since defendants did not request that the findings and conclusions be made a part of the record, we must presume that the trial court's findings support the judgment. (*Minton* v. *Cavaney* (1961) 56 Cal.2d 576, 579, fn. 1 [15 Cal.Rptr. 641, 364 P.2d 473].) In reviewing the sufficiency of the evidence to support the trial court's findings we are bound by the substantial evidence rule, all conflicts must be resolved in favor of the plaintiff. (*Nestle* v. *City of Santa Monica* (1972) 6 Cal.3d 920, 925-926 [101 Cal.Rptr. 568, 496 P.2d 480].) Plaintiff testified that he made his contribution to the corporation at the time that the note was executed. Defendants' contention that the amount was paid prior to the execution of the note thus merely raised a conflict in

the evidence which the trial court resolved against defendants. It does not, therefore, provide a basis for reversal of the judgment.

Further, any benefit conferred or agreed to be conferred upon the promisor to which he is not lawfully entitled, or any prejudice suffered or agreed to be suffered other than that which a person is lawfully bound to suffer, is a good consideration for a promise. (Civ. Code, § 1605.) A written instrument is presumptive evidence of a consideration (Civ. Code, § 1614); the burden of showing a want of consideration sufficient to support an instrument is upon the party seeking to invalidate or avoid the instrument. (Civ. Code, § 1615.)

It was defendants' burden to establish that the note was executed without valid consideration. Defendants contend that they met this burden by establishing that the contribution by plaintiff to the corporation was made prior to the time the note was executed. The fact that the note may have been executed after the contribution was made by plaintiff, however, is not fatal to the validity of the note. The evidence was conflicting, but a reasonable inference from the testimony is that plaintiff made the contribution in reliance on defendants' promise to execute it. The subsequent execution of the note in fulfillment of that promise does not render the note without consideration where valid consideration existed to support to the promise to execute the note. (See *Pierce* v. *Wright* (1953) 117 Cal.App.2d 718, 722-723 [256 P.2d 1049]; *Cook* v. *Parker* (1937) 22 Cal.App.2d 539, 541-543 [71 P.2d 591].) In order for defendants to have prevailed on their theory it was necessary for them to establish not only that the note was executed after the contribution was made by plaintiff, but also that plaintiff secured their promise to execute the note after the contribution had been made. Defendants failed to establish the time of the promise in relation to the contribution by plaintiff, and thus did not meet their burden of proof.

Finally, even if the evidence established that plaintiff secured the promise to execute a note after making the contribution, defendants could still not prevail. Despite the fact that plaintiff had made a contribution, there is no legal reason that he was required to leave his contribution in the hands of defendants who controlled the corporation. The evidence was clear, and each side conceded, that plaintiff did not desire to leave his investment in the corporation unless defendants made their agreed upon contribution. When defendants were unable to make their agreed upon contribution plaintiff had numerous alternatives. He could have sought to enforce their agreement to make a contribution; he could have sought to rescind his contribution since defendants failed to meet their obligation; he could have sought other investors and ousted

defendants from control of the corporation; or, he could have insisted on a larger share of the corporate stock. While these alternatives are not exhaustive, they serve to illustrate that plaintiff was not bound to inaction upon defendants' failure to make their contribution. Plaintiff, however, took no action; the evidence supports the inference that his inaction was due to defendants' execution of the note. Thus, there was consideration in support of the note.

## II

■ Defendants contend that the trial court erred in failing to grant their motion for judgment under Code of Civil Procedure section 631.8 when plaintiff rested.[1]

When plaintiff had rested defendants moved for judgment under that section on the second cause of action, conspiracy, and the trial court granted that motion. The court did not grant defendants' motion as to the first cause of action. In ruling on a motion for judgment under Code of Civil Procedure section 631.8 a trial court weighs the evidence, and review of the trial court's decision is governed by the same rules that apply on appeal following any other judgment, including the substantial evidence rule. (*Canales* v. *Alviso* (1970) 3 Cal.3d 118, 126 [89 Cal.Rptr. 601, 474 P.2d 417]; *Charles C. Chapman Building Co.* v. *California Mart* (1969) 2 Cal.App.3d 846, 853 [82 Cal.Rptr. 830]. As we have seen, a written instrument is presumptive evidence of consideration. (Civ. Code, § 1614.) Plaintiff introduced the note and defendants admitted their signatures. Plaintiff therefore made out a *prima facie* case. It was defendants' burden to rebut the presumption of consideration; plaintiff was not required to introduce evidence of valid consideration. (Civ. Code, § 1615.) Since plaintiff set forth evidence sufficient to support judgment, the trial court's decision was supported by substantial evidence.

The judgment is affirmed.

Regan, Acting P. J., and Paras, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied July 5, 1979.

---

[1]Code of Civil Procedure section 631.8 provides: "After a party has completed his presentation of evidence in a trial by the court, the other party, without waiving his right to offer evidence in support of his defense or in rebuttal in the event the motion is not granted, may move for a judgment. The court as trier of the facts shall weigh the evidence and may render a judgment in favor of the moving party, in which case the court shall make findings as provided in Sections 632 and 634 of this code, or may decline to render any judgment until the close of all the evidence. . . . Such motion may also be made and granted as to any cross-complaint.

"If the motion is granted, unless the court in its order for judgment otherwise specifies, such judgment operates as an adjudication upon the merits."