956 F.2d 274
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Susan ENGELEITER, Administrator, Small Business
Administration, Plaintiff-Appellee,
v.
Young Kyun SHIN, Defendant-Appellant.
 No. 91-55116.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 6, 1992.
Decided Feb. 25, 1992.
 
 Before TANG, KOZINSKI and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 As part of a scam to defraud the Small Business Administration ("SBA"), Young Kyun Shin signed a promissory note for $100,000 to Lasung Investment and Finance Co. ("Lasung"), in return for $100,000 loaned to Shin by Lasung through Lasung's president, Jung S. Lee. Shin subsequently transferred $100,000 not to Lasung, but to two other companies owned by Lee. Lasung was put in receivership by the SBA, and the receiver sued Shin on the note. The district court entered judgment for the receiver. Shin appeals. We have jurisdiction,[1] and we affirm.
 
 
 3
 Federal common law "governs questions arising under the SBA...." Great Southwest Life Ins. Co. v. Frazier, 860 F.2d 896, 899 (9th Cir.1988). This circuit usually adopts the state rule as the federal rule. Id. at 900. The parties tried the case using California substantive law. We review de novo a district court's determination of state law, State Farm Fire & Casualty Co. v. Estate of Jenner, 874 F.2d 604, 606 (9th Cir.1989), and federal common law, see United States v. Pastos, 781 F.2d 747, 749 (9th Cir.1986).
 
 
 4
 * Shin claims the promissory note is void under California law because "the sole objective of the promissory note[ ] sued upon was an illegal scheme of Lasung" to defraud the SBA.[2] Shin claims this issue was raised in the court below, and cites to the Pre-Trial Order to support his claim. The designated provision of the Pre-Trial Order relates to a tort theory of liability, not to the legality of the underlying note; Shin's other citations to the record are inapposite. The district court's findings of fact and conclusions of law likewise do not address illegality. The issue was not raised below, and we will not consider it. See Winebrenner v. United States, 924 F.2d 851, 856 n. 7 (9th Cir.1991).
 
 II
 
 5
 Shin claims the note was not a valid contract, and was not breached. The elements of a breach of a promissory note are the same as any breach of contract: execution (offer and acceptance), receipt of the loan proceeds (consideration), and failure to repay the payee (breach). See Swanson v. Skiff, 92 Cal.App.3d 805, 808-09 (1979). Shin concedes he received from Lee a $100,000 cashier's check, and that he signed a promissory note and other loan documentation to Lasung for the same amount. This constitutes an execution of the note, and consideration for the note. See Cal.Civ.Code § 1614 (West 1982) (written instrument creates presumption of consideration).[3] Shin also concedes he did not repay any of the note to Lasung, and that the outstanding balance on the note was $88,857.52. This constitutes breach of the note. See Cal.Evid.Code § 635 (West 1986) (creditor's possession of notes creates presumption of nonpayment by debtor); Light v. Stevens, 113 P. 659, 660-61 (Cal.1911) (in bank) (same). The district court concluded there was execution, consideration, and breach. We agree.
 
 
 6
 Shin argues he repaid the note under Cal.Civ.Code § 1476 (West 1982) by transferring $100,000 to two of Lee's companies. However, § 1476 relieves the debtor of his obligation only "[i]f [the] creditor ... directs the debtor to" pay the third party. Lasung was the creditor, and did not direct Shin to pay Lee. Shin argues Lee was acting with Lasung's authority, and Lee's representations bound Lasung. However, an agent colluding with a third party does not have authority to defraud the principal. Meyer v. Glenmoor Homes, Inc., 246 Cal.App.2d 242, 264 (1966). Accordingly, Lee's instructions to Shin to pay $100,000 to Lee, and Shin's payment to Lee, did not discharge Shin's debt to Lasung. See Cal.Civ.Code § 1488 (West 1982) (ordinarily, debtor must repay creditor, not a third party).
 
 III
 
 7
 Shin argues he is not liable on the note because he was an accommodator. He claims he was the accommodation party, Lasung was the party accommodated, and, under Cal.Com.Code § 3415 (West 1964), he cannot be liable to Lasung. Section 3415(1) provides: "An accommodation party is one who signs the instrument in any capacity for the purpose of lending his name to another party to it."
 
 
 8
 We will not apply the accommodation defense in these circumstances. We decline Shin's invitation to follow First Nat'l Bank of Reedley v. Reed, 244 P. 368 (Cal.1926), and Lepori v. Hilson, 293 P. 86 (Cal.Ct.App.1930). Reed is distinguishable because it expressly relied on a trial-court finding of no consideration for the disputed note, Reed, 244 P. at 370; Lepori was decided by a state intermediate appellate court. Both cases were decided more than sixty years ago, prior to the U.C.C. In any event, whatever the status of Reed and Lepori as a matter of California law, we will not adopt their questionable rule as a matter of federal common law. See Great Southwest, 860 F.2d at 899. Shin was a knowing participant in a transaction designed to defraud the SBA. The accommodation defense, designed to foster legitimate commercial transactions, does not apply to him.
 
 IV
 
 9
 The district court granted the SBA receiver one-third of her total request for attorney's fees, $19,201.73, because she prevailed only on claim stemming from the $100,000 note, not on a claim related to another promissory note, and not on her tort theories. Shin claims the award of attorney's fees must be reversed because "plaintiff below simply refused to segregate work done" between the successful and unsuccessful claims.
 
 
 10
 " 'An experienced trial judge is the best judge of the value of professional services in his court [and his judgment] will not be disturbed unless ... it is clearly wrong.' " Diamond v. John Martin Co., 753 F.2d 1465, 1467 (9th Cir.1985) (construing California law) (citation omitted; alterations in Diamond ). Here, although the SBA receiver did not allocate her fees, the court did. There was no clear error.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Shin's notice of appeal was filed fifty-eight days after judgment was entered. The SBA receiver claims the notice of appeal was untimely pursuant to Fed.R.App.P. 4(a)(1), which prescribes a thirty-day time limit for appeals in disputes between private parties, and a sixty-day time limit when the United States or one of its agencies is a party
 The SBA receiver admits she represents an "agency of the United States," but claims the thirty-day time limit should control because "the real party in interest is Lasung...." This claim lacks merit: the SBA took over Lasung, and sued Shin in order to recover the money it gave to Lasung. Indeed, as the SBA receiver properly admits, "Plaintiff, the SBA, [is] the defrauded party...." We apply the sixty-day time limit from Fed.R.App.P. 4(a)(1), and find the notice of appeal was timely.
 A related issue concerns Shin's admitted violation of 9th Cir.R. 28-2.2, which requires briefs to state the basis for jurisdiction in the district court and in this court. The Circuit Advisory Committee Note to Rule 28.2 states: "Sanctions may be imposed for failure to comply with this rule, particularly with respect to record references. See Mitchel v. General Elec. Co., 689 F.2d 877 (9th Cir.1982)." The error here did not concern record references, and was corrected in the grey brief. Although Circuit rules must be followed, we will not impose sanctions on Shin in this case.
 
 
 [2]
 Shin also attacks the district court's findings of fact as clearly erroneous because they ignore the alleged illegality of the promissory note. This is merely a recasting of his argument on the illegality of the note in general
 
 
 [3]
 Shin argues there was no consideration for the note. This argument is merely a recasting of his argument on the illegality of the note