[Civ. No. 7282. First Appellate District, Division Two.—November 1, 1930.]

CONSTANTINO LEPORI, Appellant, v. D. L. HILSON, Respondent.

A. Walter Allen for Appellant.

A. A. Rogers and J. W. O'Neill for Respondent.

STURTEVANT, J.—This action was brought to recover on a demand promissory note. The complainant pleaded in the ordinary form his cause of action. The defendant admitted the making of the note but denied all liability thereon and alleged that he executed the note as an accommodation to the plaintiff and on the promise that the plaintiff would hold the defendant harmless thereon and that there was no consideration for the note. The trial court made findings in favor of the defendant. The plaintiff has appealed and has brought up typewritten transcripts.

On November 15, 1923, the date the note was executed, C. Lepori, Jr., was cashier of the First National Bank of Pittsburg, Cal. His father, C. Lepori, Sr., was president.

Seven men, including plaintiff and defendant, constituted the board of directors. On the afternoon and evening of the date last mentioned a special meeting of the board of directors of the bank was held. Before that meeting adjourned, each director executed to the bank his promissory note in the sum of $2,500. All of the notes aggregated the total sum of $20,000. While the bank held the notes Mr. Ellis, who had become its cashier, demanded payment from this defendant, but defendant refused payment. Thereafter, on October 17, 1924, the bank sold to C. Lepori, Sr., all of said notes and the purchaser sued this defendant on one of the notes so signed by him.

On the trial the defendant introduced parol evidence to prove his defenses. The plaintiff contends that such evidence, not related to consideration, should have been excluded. The defendant claims that it was properly introduced.

■ As stated above, the payee, the First National Bank of Pittsburg, demanded payment on the note while it was the owner thereof. For the purpose of transfer, that fact fixed the date of the maturity. (8 C. J. 408.) The note was assigned to plaintiff after the making of that demand. ■ Moreover, as the note was made payable on demand, it was payable within a reasonable time. (Civ. Code, secs. 3082, 3088, 3266b.) As to what is a reasonable time is a mixed question of law and fact. Whether the circumstances show an unreasonable length of time is a question of fact to be found by the fact-finding body. Whether if true such circumstances amount to an unreasonable length of time is a question of law for the court. (*Franklin Bank* v. *St. Louis Car Co.* (Mo.), 60 A. L. R. 639, 646; s. c. 9 S. W. (2d) 901, 902.) On these matters the pleadings in the instant case made no issue and the court made no express finding. But in support of the judgment we must assume that the trial court was of the opinion the note was transferred after its maturity. ■ If so, we may not say the court erred in the determination of that question. Bearing in mind that Pittsburg is a small town, that nearly all of the directors resided at Pittsburg, and that this defendant resided only a short distance away, at Oakland; and, bearing in mind also the admitted facts surrounding the execution of the several notes each in the sum of $2,500, we

think it is clear that the note sued on was transferred to the plaintiff after the maturity thereof. (8 C. J. 408, note 93, and cases cited; 60 A. L. R. 639 and note 641.) In the case of *Pacific-Southwest Trust & Sav. Bk.* v. *Valley Finance Corp.*, 99 Cal. App. 728 [279 Pac. 222, 280 Pac. 134], similar questions being involved, this court held that in an action against an alleged accommodation maker of a note by a purchaser for value after maturity evidence as to contemporary agreements between the parties to the note is admissible.

The defendant introduced evidence to the effect that the bank had made certain legal loans to W. H. Paul. Later, without any action by the board of directors authorizing him so to do, the cashier, C. Lepori, Jr., made other loans to W. H. Paul in such sums that the total, $29,000, was in excess of the sum which the bank might legally loan to one borrower. (U. S. Rev. Stats., sec. 5239 [12 U. S. C. A., sec. 84].) That is so because the bank had a paid-up capital of only $75,000 and $13,000 in surplus  There was evidence that the bank examiner was expected to arrive at Pittsburg within a very short time; that the board of directors was especially called upon to meet November 15, 1923; that at that meeting this plaintiff stated the dilemma confronting the bank, and admitted the dilemma was brought about by the unauthorized acts of his son in making the additional loans; that at the same time the plaintiff also stated that his properties were such that he could not at once make the necessary advancements to the bank to tide it over; and, continuing, he suggested that if each director would accommodate him by executing a promissory note in the sum of $2,500 he would hold the makers harmless and that he would personally pay the notes. The defendant testified that acting on the promise so made to him, and not otherwise, he executed the note pleaded in the complaint. ■

The plaintiff claims that such an agreement was *contra bonos mores* and when that rule was called to the attention of the trial court it was the duty of the trial court not to enforce the agreement. It has not done so. By its judgment, it has merely left the parties where it found them. Hence it did not violate that rule. Moreover, under the facts the defendant was not estopped from setting up the defense which he pleaded. (*First Nat. Bank* v. *Reed*, 198 Cal.

252, 261 [244 Pac. 368].) ▇ In so far as the evidence showed that the note was an accommodation note and that it was not supported by any consideration, the evidence was properly admitted. (*Pacific-Southwest Trust & Savings Bank* v. *Valley Finance Corp., supra; Wilhoit* v. *Seawall,* 121 Kan. 239 [48 A. L. R. 1273, 1285, 246 Pac. 1013].) As to both of those subjects there was considerable conflict in the evidence. But, if the trial court believed the evidence introduced by the defendant, and from its findings we must assume it did, the note in suit was an accommodation note and this plaintiff was not entitled to sue the defendant on said note. (*Williams* v. *Hasshagen,* 166 Cal. 386, 390 [137 Pac. 9].)

▇ In what we have said regarding accommodation notes we have not overlooked the fact that the plaintiff earnestly contends that the defendant received a consideration—the amount of his liability under the Banking Act for an illegal excess loan. (Rev. Stats. U. S., sec. 5200.) But the defendant answers he had nothing to do with making the excess loans and did not incur any liability thereon. The plaintiff introduced the minutes of the board of directors as evidence. The defendant introduced oral evidence, supporting his contentions. Moreover, so far as the record discloses, the Paul notes were retained by the bank. We cannot say the finding is not supported by legal evidence.

We find no error in the record. The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 1, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 29, 1930.