## PADEN v. AMERICAN STATE BANK & TRUST CO.

No. 3508.

Court of Civil Appeals of Texas. El Paso.
March 4, 1937.

Rehearing Denied March 25, 1937.

244

H. H. Dunn, of Edinburg, and Bliss & Daffan, of San Antonio, for appellant.

Strickland, Ewers & Wilkins and R. D. Cox, Jr., all of Mission, for appellee.

HIGGINS, Justice (after stating the case as above).

Error is assigned to the overruling of appellant's motion for an instructed verdict and in granting the plaintiff's motion for such verdict.

Another assignment is to the effect the evidence raises an issue of fact as to whether Paden was an indorser for the accommodation of the bank, which issue should have been submitted to the jury.

The bank was not a party to the instrument, but the Negotiable Instrument Act (article 5933, § 29, R.S.) provides that an accommodation party is one who has signed the instrument as maker, drawer, ac-

ceptor, or indorser, without receiving value therefor, and for the purpose of lending his name *to some other person.* (Italics ours.)

So, if Paden was an indorser for the accommodation of the bank, as pleaded by Paden, the bank should be regarded as an accommodation payee of the notes and its action not maintainable against Paden. 8 C.J. p. 254, § 401.

■ In Brinker v. First Nat. Bank (Tex.Civ.App.) 16 S.W.(2d) 965, 967, affirmed in part and reversed in part on another point in (Tex.Com.App.) 37 S.W.(2d) 136, Chief Justice McClendon said:

"The fact that a party who signs a note as maker himself receives no consideration does not necessarily constitute him an accommodation maker for the payee. In legal acceptation, accommodation as applied to notes and other paper has a technical meaning and is not used in its broadest popular sense. The fact that the payee may receive benefit or be accommodated by or may solicit the signature of a party who receives no consideration therefor does not constitute such party an accommodation maker for the payee. It is only in those cases where the note is executed for the sole purpose of its negotiation by the payee in order that he may obtain credit thereby, and under an agreement that he is to provide for payment at maturity and indemnify the maker, that the instrument becomes in law accommodation paper for the payee. These principles are established by the following cases, which in their facts are, if anything, stronger than the case at bar. Magill v. McCamley (Tex.Civ.App.) 182 S.W. 22; Nalitzky v. Williams (C.C. A.) 237 F. 802; Skagit State Bank v. Moody, 86 Wash. 286, 150 P. 425, L.R.A. 1916A, 1215; German American State Bank v. Watson, 99 Kan. 686, 163 P. 637.

"It is clear from these authorities, if authority were necessary, that Brinker under the above evidence was not an accommodation maker for the bank, and this defense is unavailing."

The testimony of Jones and Miller shows Paden did not indorse the paper for the accommodation of the bank, but for the accommodation of the maker Nix.

■ Paden testified in his own behalf, but, as we view his testimony, it wholly fails to show that he is to be regarded as an accommodation indorser for the bank under the rule announced by Judge McClendon in the case above cited. Paden was so evasive in his answers both upon direct and cross-examination that it cannot be definitely determined what he contends the exact circumstances were which prompted him to indorse the paper, but we regard it as insufficient to show he executed the note for the purpose of its negotiation by the bank and to obtain credit thereon. Paden's testimony has been examined, and we think it insufficient to show he was an accommodation indorser for the bank. The court properly refused to submit any issue in that respect to the jury.

■ It is further contended a verdict for defendants should have been instructed because the petition states no cause of action. This position is based upon the failure of the petition to allege the amount of the notes.

Such omission involved no jurisdictional question for the action was to foreclose a vendor's lien on land. Furthermore, the damages alleged for failure to pay the notes were fixed at $2,000. The omission was manifestly due to inadvertance and in no wise operated to surprise or prejudice appellant in any manner. Appellant had answered, and as against him it was permissible to correct the defect by trial amendment after the verdict and before judgment as was here done. 33 Tex.Jur., Pleading, § 87.

It is also insisted the judgment is void as to the principal obligor Nix and therefore the judgment against Paden erroneous because no fact is alleged excusing the failure to sue Nix as required by article 1987, R.S.

■ This position is without merit. Nix was sued and personal judgment rendered against him for the amount of the notes. The judgment as to Nix is not void. It was alleged in the petition he was a resident of Hidalgo county, Tex. There is no evidence to the contrary. The only evidence upon this phase of the case is that of Paden who testified he did not know where Nix then was except that he was somewhere in California. This does not show Nix was a nonresident of Texas and it will not be so presumed. Until the contrary is shown, it will be presumed in support of the judgment that Nix was a resident of Texas and temporarily in California. Martin v. Burns, 80 Tex. 676, 16 S. W. 1072; Gunter v. Armstrong, 2 Tex.Civ. App. 599, 21 S.W. 607.

Under such circumstances, the service upon him of notice as prescribed by article 2037, R.S., conferred jurisdiction of his person and the personal judgment rendered

against him valid upon the face of this record. Northcraft v. Oliver, 74 Tex. 162, 11 S.W. 1121; Horst v. Lightfoot, 103 Tex. 643, 132 S.W. 761.

Affirmed.