WHITESBORO NATIONAL BANK V. MRS. W. N. WELLS.

No. A-288. Decided December 13, 1944.
(184 S. W., 2d Series, 276.)

*Jesse F. Holt*, of Sherman, for petitioner.

Under the undisputed facts, the jury's answer to special issues, and the verdict in this case judgment should have been rendered for the plaintiff, Bank. First Natl. Bank v. Boxley, 129 Okla. 159, 264 Pac. 184; Wiseman Gin Co. v. Gossett, 125 S. W. (2d) 334, 337; Farmers State Bank v. Largent, 132 S. W. (2d) 482, 484.

*Olan R. Van Zandt*, of Tioga, for respondent.

The note sued on was without consideration, as found by the jury, and the bank, as a corporation, cannot recover on a note given purely for its accommodation, especially when the maker of the note was not a stockholder in the bank. First National Bank v. Winfree, 24 S. W. (2d) 768; McKeever v. Brooks-Davis Chev. Co., 74 S. W. (2d) 311; Murchison v. Hardin, 69 S. W. (2d) 189, 192.

MR. JUDGE SLATTON, of the Commission of Appeals, delivered the opinion for the Court.

The controversy in this court concerns a prommisory note which was executed by Mrs. Wells to petitioner bank in the principal sum of $2,500.00. With regard to this note the jury found: (1) that Mrs. Wells did not know at the time of executing the note that it was to be used by the bank as an apparent asset; (2) she did not know at the time of executing the note that it was to be used by the bank to cover shortages in the assets of said bank; (3) that said note was placed among the assets of said bank and was relied upon as such by bank examiners and others interested in said bank; (4) that Mrs. Wells did not receive anything of value for executing said note.

The trial court denied the bank any recovery on the note. The judgment of the trial court was affirmed by the El Paso Court of Civil Appeals.

■ The bank seeks to reverse the judgment of the lower courts on two grounds. First, it says that Mrs. Wells is not an accommodation maker of the note because the president of the bank, a few days after she executed her note to the bank, gave to Mrs. Wells his personal note for the same amount as the note in suit, which was secured by stock in the petitioner bank. The only evidence in the record with reference to the transaction between Mrs. Wells and the president of the bank is the testimony of Mrs. Wells. It cannot be said as a matter of law that the transaction with regard to the president of the bank giving his personal note, together with shares of stock as collateral to Mrs. Wells, a few days after Mrs. Wells executed and delivered the note in suit, had the effect of changing the status of Mrs. Wells from an accommodation maker to that of a maker for value. The evidence of Mrs. Wells is sufficient to support the inference that the president delivered his personal note and collateral to Mrs. Wells for the purpose of relieving her of any chance of loss in lending her credit to the bank. In the absence of a jury finding to the contrary, it cannot be said that Mrs. Wells is not an accommodation maker of the note in suit. It has been held in other jurisdictions that the accommodation party's having taken security for the loan of his credit does not prevent the paper from being accommodation paper. See authorities collated in 11 C. J. S., p. 298, par. 742(c).

■■ The filing of a claim on the note with the estate of the deceased president of the bank by Mrs. Wells and the collection thereon of the sum of $575.00 cannot have the effect of changing her legal obligation with respect to the note in suit in the absence of facts sufficient to create an estoppel against her which would in law preclude her setting up as a defense to the note that she was an accommodation maker. The bank is in voluntary liquidation pursuant to Title 12, Section 181, U. S. C. A. Such a voluntary liquidation must be by the vote of shareholders owning two-thirds of the bank's stock. The liquidation is conducted by a designated person or committee under the supervision of the board of directors of the bank, and in accordance with law. Whether the bank was insolvent at the time of its going into voluntary liquidation does not appear, either from the pleadings or the proof. Neither does it appear that there are debts owing by the bank. There is no showing of any creditors of the bank. For these reasons the bank in this suit is in the same position as if it were a going concern, and under well-settled rules of this court a bank in its own right cannot recover on paper of which it is accommodation payee. Commercial State Bank v. Ellington, 24 S. W. (2d) 359; Central National Bank v. Lawson, 27 S. W. (2d) 125.

The second contention of the bank is that the trial court should have rendered judgment in favor of it upon the finding of the jury, that the note for $2,500.00 was placed among the assets of said bank, and that it was relied upon as such by bank examiners and others interested in said bank. The bank relies on the cases of Brand, Banking Commissioner, v. Korth, 128 Texas 488, 99 S. W. (2d) 285, and many other cases of the same import. The rule announced in these cases is predicated upon the doctrine of estoppel and if it were shown in this case that anyone dealing with the bank had been misled through the placing of this accomodation paper in the assets of the bank, and had suffered loss thereby, the doctrine of estoppel would righly apply here. But, as we have pointed out, so far as this record goes there are no facts sufficient in law to invoke the doctrine of estoppel against Mrs. Wells.

The judgments of the lower courts are affirmed.

Opinion adopted by the Supreme Court.

Opinion delivered December 13, 1944.