**Henry F. SCHREIBER et al., Appellants,**

v.

**John D. JONES, Appellee.**

**No. 12837.**

Court of Civil Appeals of Texas.

Galveston.

April 28, 1955.

Bates, Riggs & Singleton and John V. Singleton, Jr., Houston, for appellants.

Willett Wilson, Houston, for appellee.

GRAVES, Justice.

This statement of the nature and result of the suit, conceded by the appellee to be substantially correct, is taken from the appellants' brief:

This case arose out of the execution by appellants (defendants below) of an instrument purporting to be a demand note for $10,000, payable by appellants to appellee (plaintiff below). This alleged note is dated November 7, 1951, and on its face indicated execution in Pittsburgh, Pennsylvania. Suit was filed by appellee on April 27, 1954. Appellee's trial pleadings, after setting out the note, prayed for recovery for the principal amount of the alleged note, interest to October 7, 1954, in the amount of $1,458.34, and attorneys' fees in the amount of $1,145.83.

Appellants' trial pleading was their first amended original answer, consisting of a

general denial and a sworn plea of want of consideration for the execution of the alleged note, or, in the alternative, lack of sufficient consideration to support recovery upon the alleged note. The basis for the sworn pleading alleging want of, or lack of, sufficient consideration was based upon alleged facts showing a joint venture on the part of appellants and appellee regarding the purchase of a boat called the Little Jeannie, and three steel deck barges.

Appellants' trial pleading contained allegations that the boat Little Jeannie, had been sold, and the amount of the sale of this boat was applied to pay off the balance due on the purchase money contract for the boat and the three barges.

Appellants also set out an offer on their part to sell the three barges and the proceeds from the sale to be split between appellants and appellee, so that appellee would receive one-half of such net proceeds, and appellants would receive one-fourth each.

Appellee, before proceeding to trial, filed a second supplemental petition to appellants' first amended original answer, and specifically denied any partnership, or joint venture, agreement, or relationship with appellants. This second supplemental petition was a sworn pleading.

Within due time, appellants requested the trial judge to state in writing his findings of fact and conclusions of law.

The judge filed three findings of fact, which were: (1) That on November 7, 1951, appellants executed and unconditionally delivered to appellee, for the consideration of $10,000 cash, the note forming the basis of appellee's cause of action; (2) That, although repeated demands were made by appellee on appellants to pay the note, it has never been paid, in whole, or in part; and (3) That the note was placed in the hands of appellee's attorney for collection, and appellee's suit was instituted in an effort to collect the note, together with interest and attorneys' fees, as provided for in the note.

The trial judge filed one conclusion of law, that, based upon the three findings of fact, appellee was entitled, as a matter of law, to recover against appellants, jointly and severally, judgment for $10,000, plus interest in the amount of $1,466.66, and attorneys' fees in the amount of $1,146.66.

In this Court appellants present three points, to the effect that the trial court erred:

(1) In holding that—as a matter of law—there was consideration for the execution of the note in question;

(2) In rendering a judgment for the appellee because there was no evidence to support the trial court's finding of fact that there was consideration for the execution of the note;

(3) In rendering judgment for the appellee because the overwhelming weight and preponderance of the evidence showed that there was no consideration for the note involved.

The appellee in this Court answers the appellants' presentments substantially in these two counter-points:

(1) The evidence was sufficient to support the trial court's findings of fact and law;

(2) The court did not err in rendering a judgment in appellee's favor to the recited total of $12,613.32, "because there was ample evidence to show consideration for the execution of the note."

In substance and effect, this suit amounts to nothing more than one by the appellee against the appellants upon a $10,000 note that they had executed and delivered to him under the business relations then existing between the parties, the note containing provisions for interest and attorneys' fees in case of delay in or non-payment of those items. The trial court heard all the evidence without a jury, the note itself was offered in evidence, and the court simply cast up the total amount, to-wit: $12,613.32, due thereon and rendered

904

judgment in favor of the appellee and against appellants thereon.

Not only so, but in deference to appellants' earnestness in briefing and arguing so simple a case before it, this Court has carefully reviewed the evidence they contended showed that the terms and amounts called for had not been complied with by the appellee, but is unable to sustain any of their presentments.

■ The trial court was, of course, in the absence of a jury, under the duty of deciding the issues of fact involved, which it did on sufficient evidence and that settled the entire controversy. 41–B Tex. Jur., page 842, Sec. 606. Indeed, such findings by the court are plainly equivalent to a jury verdict on special issues. Googins v. E. W. Hable & Sons, Tex.Civ.App., 237 S.W.2d 705, rehearing denied, error refused; Corn v. First Texas Joint Stock Land Bank of Houston, Tex.Civ.App., 131 S.W. 2d 752, error refused.

■ Indeed, the introduction of the $10,000 note by the appellee herein established a prima facie case against its appellant makers for the full amount called for upon its face. Comet Motor Freight Lines v. Holmes, Tex.Civ.App., 175 S.W. 2d 464, error refused. Appellants have completely failed to show any undermining evidence against the face value of the note at the time the judgment was rendered, hence the trial court's findings thereon must be upheld on the appeal.

■ The effect of the trial court's findings, as just recited, is not in anywise undermined by the fact that appellants in this instance filed sworn pleas undertaking to impeach the consideration for the note, since such a plea, under our system, does not shift the burden of proof to the holder of the note, but merely puts the matter of a consideration for it in issue, with the burden resting upon its makers to establish, at least by a preponderance of the evidence, a lack of consideration for it. 6 Tex.Jur. 986, Sec. 300; Kothmann v. Southwest Co., Inc., Tex.Civ.App., 92 S.

W.2d 272, Syl. 7; Ross v. Cook, Tex.Civ. App., 151 S.W.2d 854, ref. w. o. m.

These conclusions require an affirmance of the judgment. It will be so ordered.

Affirmed.