**Solon SNOWDEN, Appellant,**

v.

**The FRANKLIN NATIONAL BANK OF LONG ISLAND, Appellee.**

**No. 21549.**

United States Court of Appeals
Fifth Circuit.

Dec. 1, 1964.

Elgar L. Robertson, Dallas, Tex., for appellant.

Yandell Rogers, Jr., Morris I. Jaffe, Harold Hoffman, Wynne, Jaffe & Tinsley, Dallas, Tex., for appellee.

Before TUTTLE, Chief Judge, and BROWN and GEWIN, Circuit Judges.

PER CURIAM:

The question here is whether the trial Court correctly entered summary judgment in favor of the Bank against the Appellant-Maker on his promissory note.

Appellant urges that the note was made for purpose of accommodation on a pre-existing debt and was without consideration. As to this there is clearly no genuine issue. The detailed factual affidavits, adduced in support of the Bank's motion, F.R.Civ.P. 56, were not controverted as to the critical fact that Appellant executed a note for $10,000 which amount was delivered to a third party (Sovereign Resources, Inc.) pursuant to Appellant's express written direction.

The balance of the case concerns Appellant's allegations that the note, although purporting to bind him, was actually executed because he was assured that the corporation, the recipient of the funds under his note, had adequate

collateral, and that he would never be held personally accountable.[1] As a matter of Texas law, this allegation states no defense. Under the familiar accepted Texas principles, this parol evidence would not be admissible because it negates the very obligation of the writing. Jones v. Hubbard, Tex.Civ.App. writ ref. n.r.e., 1957, 302 S.W.2d 493; Howeth v. Davenport, Tex.Civ.App. writ ref. n.r.e., 1958, 311 S.W.2d 480. The cases urged by Appellant, McFarland v. Shaw, State Banking Commissioner, Tex.Com.App. (opinion adopted), 1932, 45 S.W.2d 193; Dallas Teachers Credit Union v. Sweeny, Tex.Civ.App. writ dism'd, 1959, 326 S. W.2d 244, are not to the contrary, and this case does not come within them.

Affirmed.

---

1. This same allegation also serves as the basis for Appellant's arguments that he signed the note only as guarantor or surety, or that he was fraudulently induced to make the note. As to these, the record also demonstrates that there is no genuine issue of fact.