## 42226. DEEMS v. WILSON.

EBERHARDT, Judge. 1. An accommodation party is one who signs the instrument in any capacity for the purpose of lending his name to another party to it. Where there has been no negotiation of the instrument an accommodation party may show by parol what the understanding or agreement had been as to his capacity in signing. *Code Ann.* § 109A-3—415; *Bank of Lumpkin County v. Justus,* 150 Ga. 286 (2) (103 SE 794); *Seymour v. Bank of Thomasville,* 157 Ga. 99 (121 SE 578).

2. Where the accommodation party testified that she was requested by the payee to sign as a witness to the signature of her son-in-law, who was under age and who had signed the note as maker, and that her signature on the note, ostensibly as maker, was placed there for no other reason than as a witness, a question of fact was raised as to what her capacity had been in signing, the resolution of which by the judge trying the case without a jury will not be disturbed.

3. Where the payee of a note testified that the maker, having damaged his truck, had agreed to give him a note for $600, the amount of the agreed damage, and that the note sued on and introduced in evidence was that which the maker had given him for the truck damage, and that the maker's mother-in-law had agreed to and did sign the note as comaker with her son-in-law, and the note, prepared by payee's attorney, had written into the face of it the notation: "It is agreed that

this note is conditional and does not settle out any claim or demand payee has against the maker," it appears that the note was without consideration. *Gibson v. Kyle,* 46 Ga. App. 295 (167 SE 547). Under the plaintiff's testimony the consideration was a settlement of his claim against the maker for damages to the truck, but by the very terms of the note it appears that the payee did not relinquish or surrender up his claim against the son-in-law in accepting the note. Cf. *Powell & Co. v. Subers,* 67 Ga. 448.

*Judgment affirmed. Bell, P. J., and Jordan, J., concur.*

SUBMITTED SEPTEMBER 6, 1966—DECIDED SEPTEMBER 23, 1966.

*Preston L. Holland,* for appellant.
*Miles Sams,* for appellee.

*Judgment affirmed. Bell, P. J., and Jordan, J., concur.*

