**R. H. MARTIN, Appellant,**

v.

**COASTAL STATES GAS PRODUCING COMPANY, Appellee.**

No. 4177.

Court of Civil Appeals of Texas.

Eastland.

May 26, 1967.

Saccomanno, Clegg, Martin & Pinedo, William N. Jordan, Houston, for appellant.

W. T. Blackburn, Corpus Christi, for appellee.

COLLINGS, Justice.

Coastal States Gas Producing Company brought suit against R. H. Martin on a promissory note in the principal amount of $72,344.26 and on a claim for money had and received in the amount of $2,290.07. Plaintiff also filed a motion for summary judgment. In answer thereto Martin submitted his first amended original answer and his answer to plaintiff's motion for summary judgment with affidavit, pleading general denial and conditional delivery. The court granted plaintiff's motion for summary judgment and entered final judgment for plaintiff for the full amount of the note together with attorneys' fees. Martin has appealed.

The execution and terms of the note sued upon are not disputed. Appellant, Martin, presents one point in which it is contended that the court erred in granting appellee's motion for summary judgment for the amount of the note, asserting that a genuine issue of material fact was raised by appellant's pleadings and affidavit as to whether the note was conditionally delivered by appellant to appellee and whether appellee's suit was in violation of the terms upon which the note was delivered. Appellant says that one central question is presented on this appeal, to-wit: whether appellant's plea of conditional delivery and affidavit in support thereof precluded a summary judgment for appellee. Appellant says that a fact issue was raised concerning the date upon which the note should become due and payable and that question should not have been disposed of as a matter of law.

The portions of appellant's answer which relate to an alleged conditional delivery of the note are as follows:

"Defendant alleges that the promissory note made the subject of Plaintiff's petition was procured from defendant by false and fraudulent misrepresentations of the agents, servants and employees of Plaintiff. These said agents, servants and employees represented to Defendant that the said promissory note was needed for so-called 'bookkeeping' purposes and that there was no intention on the part of Plaintiff to enforce the terms of said promissory note.

That the indebtedness represented by said promissory note is not true and correct and is not due and owing by Defendant as alleged by Plaintiff."

Substantially the same allegations are contained in appellant's answer to appellee's motion for summary judgment. Although appellant's point refers to a conditional delivery of the note sued upon appellant's pleadings and affidavit show that he is seeking to enforce an inconsistent contem-

poraneous oral agreement and to change the due date of the note, and to show, contrary to the terms of the writing, that there was no intention on the part of appellee to hold appellant liable thereon. In appellant's affidavit it was stated, in effect, that there was a contemporaneous oral agreement that the dates for payment could be altered at a later time and that the payment dates provided for in the note would not be rigidly enforced. The claimed collateral agreement is the only defense urged by appellant. This, in our opinion, is an attempt to vary the terms of a written instrument in violation of the parol evidence rule and is not permissible. Kane v. Union State Bank, 384 S.W.2d 358 (CCA 1964, error ref. n. r. e.). In Hubacek v. Ennis State Bank, 159 Tex. 166, 317 S.W.2d 30 (Sup.Ct., 1958) it was stated that:

"When parties have concluded a valid integrated agreement with respect to a particular subject matter, the rule precludes the enforcement of inconsistent prior or contemporaneous agreements. 17 Tex.Jur., Evidence §§ 352, 353; McCormick and Ray, supra § 1601."

Appellant did in a general way allege fraud in procuring the note sued upon but the allegation amounted to no more than a conclusion. Appellant's allegation of facts in support of the conclusion, even if accepted as true, does not show fraud or a conditional delivery of the note. Appellant's affidavit in support of his answer to appellee's motion for summary judgment was substantially to the same effect. It did not show facts constituting fraud or a conditional delivery of the note.

In Kuper v. Schmidt, 161 Tex. 189, 338 S.W.2d 948 (Sup.Ct., 1960), which was also a suit on a note with facts somewhat similar to those of the instant case, it was stated as follows:

"When viewed in the light most favorable to the defendants, the deposition testimony does not suggest delivery for a special purpose or that the parties intended for the instrument to become effective only upon the happening of some future contingency. It shows nothing more than a prior or contemporaneous agreement that if a subsequent accounting disclosed that the cattle venture had lost less then the plaintiff claimed, the defendants would owe two-thirds of the actual loss as determined by such accounting rather than the principal sum stated in the note. An understanding of this nature may not be shown by extrinsic evidence as a defense to the note, because it clearly contradicts the unconditional promise expressed in the written instrument to pay a sum certain in money on a fixed future date."

There was no pleading and proof showing fraud or a conditional delivery of the note. There was no genuine issue of material fact raised by appellant's pleadings and affidavit. The trial court properly granted appellee's motion for summary judgment.

The judgment is affirmed.