**J. B. McPHERSON and D. R. Aylesworth, Appellants,**

v.

**Randolph JOHNSON, Appellee.**

No. 7895.

Court of Civil Appeals of Texas.

Amarillo.

Dec. 23, 1968.

Rehearing Denied Jan. 27, 1969.

Evans, Pharr, Trout & Jones, and John A. Flygare, Lubbock, for appellants.

McWhorter, Cobb & Johnson, D. Thomas Johnson, Lubbock, for appellee.

NORTHCUTT, Justice.

This is a suit brought by J. B. McPherson and D. R. Aylesworth, hereinafter referred to as appellants, against Randolph Johnson, hereinafter referred to as appellee, to recover upon a promissory note executed by Randolph Johnson and payable to O. J. M. Development Co. The note was transferred by O. J. M. Development Co. to D. R. Aylesworth without any recourse. Later McPherson secured an interest in the note but that interest is not in question here.

O. J. M. Development Co. owned an 18,000-acre tract of land in Cochran County, Texas, which it subdivided. T. R. Johnson, the brother of appellee, signed a contract to purchase approximately 700 acres of this tract on September 23, 1963. On signing the contract, T. R. Johnson paid $3,516.35 and agreed to pay $7,035.40 on closing the deal. Before closing the deal T. R. Johnson sold part of the land and made a profit. The closing of all deals were to take place between December 15, 1963 and January 15, 1964. At the time of closing the cash balance required to close the T. R. Johnson sale amounted to $6,095.95. T. R. Johnson did not have the cash to close his purchase and O. J. M. Development Co. was unwilling to accept T. R. Johnson's note in lieu of cash. They were willing to take Randolph Johnson's note in lieu of cash. Randolph Johnson signed and delivered his note for the amount of $6,095.95 payable to O. J. M. Development Co. and the deal with T. R. Johnson was closed and the property was deeded to T. R. Johnson. J. B. McPherson, Phil O'Jibway and Shedrick E. Jones owned the O. J. M. Development Co. D. R. Aylesworth was a commission agent.

Appellee does not deny signing and delivering the $6,095.95 note sued upon herein and acknowledges that one of the reasons he signed the note was so his brother, T. R. Johnson, would not lose his money he paid as a down payment. He further acknowledges the note has never been paid. The record here often refers to T. R. Johnson as T. R. or Terrell and J. B. McPherson as J. B.

The case was submitted to a jury upon three special issues, and the jury in answer to the issues found that McPherson represented to appellee at the time he executed and delivered the note in question he would not be obligated to pay the note, and that appellee relied upon such representation; and that Aylesworth did not accept the note prior to maturity for value without notice of any false or fraudulent representation. Upon the verdict of the jury the court entered judgment that appellants recover nothing of the appellee.

It was appellee's contention that J. B. McPherson falsely and fraudulently represented to appellee that he was an accommodation maker only on said note and that same was to be executed to enable O. J. M. Development Co. to close a land transaction with appellee's brother, T. R. Johnson; that said land transaction was not to be binding upon either appellee or T. R. Johnson, but that the same was to be closed so that O. J. M. Development Co. could transfer land notes not only on the land under which T. R. Johnson was under contract to purchase but also other lands in Cochran County to an insurance

company; that after such notes were transferred McPherson would either sell the land which T. R. Johnson contracted to purchase or have his agent Aylesworth to sell the same and hold appellee harmless from any obligation on said note, further pleading McPherson represented that in the event that said land could not be sold and T. R. Johnson relieved from the obligation of his contract that he would in such event charge the amount of said note to the commission account of Aylesworth, and in either event appellee would never be called upon to pay the note in controversy.

The real contention of appellee herein is that he executed and delivered the note in question but that he had an agreement with McPherson that he would never have to pay the same. Although appellee testified that one reason he signed the note was so his brother, T. R. Johnson, wouldn't lose his $3,500.00 down payment, his main contention that he was not to be liable on the note was as follows:

"Q. All right. Now, at the time this note was made then, was anything said about payment of the note?

A. Before I ever signed the note, when Mr. O'Jibway went to get the note prepared, I asked J. B., I said, 'J. B., what if this note—', I said, 'What about this note? Now, in case you don't get the land sold—'. Of course, the conversation previous to that was that we're going to sell the land and you don't have to pay the note and so I said, 'Well, what if it's not paid or the land is not sold? What if it's not paid by Terrell and the land is not sold, then what?' He said, 'Dave has a big commission coming out of the sale of this land,' he said, 'We all do', and he said, 'If it's not paid by T. R., don't worry about it, I will take it out of Dave's commissions and he will—and then I'll send him to Morton—', and those are the very words he said, 'I'll make him go to Morton and camp until he sells this

land and clarifies this whole situation.' He said, 'He's the cause of getting this whole—getting us both in this whole mess.' And that was the exact quotation Mr. McPherson told me in his office."

It is a familiar rule that conversations and negotiations preceding the execution of written instruments are inadmissible as having been merged in the writing. One of the elementary principles of law is that written instruments such as the note here in question may not be varied by evidence of an oral agreement that contravenes the terms of the written instrument, and it is error for the court to consider such evidence as the basis for any finding of fact to defeat the written instrument. It is stated in Hubacek v. Ennis State Bank, 159 Tex. 166, 317 S.W.2d 30 as follows:

"The parol evidence rule is not a rule of evidence at all, but a rule of substantive law. McCormick and Ray, Texas Law of Evidence, 2nd Ed., § 1601; 20 Am.Jur., Evidence, § 1100; 32A C.J.S. Evidence § 851.

"When parties have concluded a valid integrated agreement with respect to a particular subject matter, the rule precludes the enforcement of inconsistent prior or contemporaneous agreements. 17 Tex.Jur., Evidence, §§ 352, 353; McCormick and Ray, supra, § 1601."

It is also stated in Steve Lynn Motor Company v. Pavelka, 371 S.W.2d 928 (n. w. h.) as follows:

"The plea that the payee would not sue or press for collection is tantamount to the allegation of an agreement that the maker would not be required to pay the notes or would not be liable thereon. Even if attempted to be raised as a defense without exception, parol evidence thereof was without probative force and is to be disregarded. Dolsen v. De Ganahl, 70 Tex. 620, 8 S.W. 321, 322; Robertson v. City National Bank, 120 Tex. 226, 36 S.W.2d 481, 483; Las-

siter v. Boxwell Bros., Tex.Civ.App., 362 S.W.2d 884, 886; Wheeler v. Thomas, Tex.Civ.App., 328 S.W.2d 891, 895; Howeth v. Davenport, Tex.Civ.App., 311 S.W.2d 480, 482, writ ref. n. r. e.; Jones v. Hubbard, Tex.Civ.App., 302 S.W.2d 493, 495, writ ref. n. r. e."

See also Snowden v. Franklin National Bank of Long Island, 5 Cir., 338 2d 995 as follows:

"The balance of the case concerns Appellant's allegations that the note, although purporting to bind him, was actually executed because he was assured that the corporation, the recipient of the funds under his note, had adequate collateral, and that he would never be held personally accountable. As a matter of Texas law, this allegation states no defense. Under the familiar accepted Texas principles, this parol evidence would not be admissible because it negates the very obligation of the writing. Jones v. Hubbard, Tex.Civ.App. writ ref. n. r. e., 1957, 302 S.W.2d 493; Howeth v. Davenport, Tex.Civ.App. writ ref. n. r. e., 1958, 311 S.W.2d 480."

Appellee insists that a conditional delivery of the note sued upon was made because of a contemporaneous oral agreement that he was never to be required to pay the note. This is an attempt to vary the terms of a written instrument in violation of the parol evidence rule and is not permissible. Shepherd v. Erickson, Tex. Civ.App., 416 S.W.2d 450 (n. r. e); Howeth v. Davenport, Tex.Civ.App., 311 S.W.2d 480 (n. r. e); Kuper v. Schmidt, 161 Tex. 189, 338 S.W.2d 948; Martin v. Coastal States Gas Producing Co., Tex.Civ.App., 417 S.W.2d 91 (n. w. h.). See also Jones v. Hubbard, 302 S.W.2d 493 (n. r. e.) where it is stated:

"Defendants' 2nd point contends that a fact issue existed as to whether the note was procured by misrepresentation. Defendants assert that the note was executed because of a representation by plaintiff that he would not hold defendants personally liable thereon, and that he wanted the note to show on his income tax return. Rule 166-A Texas Rules of Civil Procedure provides that the affidavits 'shall set forth such facts as would be admissible in evidence.' Defendants' assertions as to the alleged misrepresentations of plaintiff would not be admissible in evidence under the parol evidence rule, and therefore have no weight in summary judgment practice. A promissory note cannot be contradicted by parol representations of the payee that the maker would not be held liable thereon. 6 Tex.Jur. 956; Dean v. Allied Oil Co., Tex.Civ.App., 261 S.W.2d 900, err. dis.; Bowden v. Partners' Finance, Tex.Civ.App., 278 S.W.2d 866."

■ Appellee's first counterpoint contends the court erred in refusing to submit his requested special issues as to whether the note was executed for the *sole purpose* of aiding O. J. M. Development Co. to transfer its land notes to an insurance company for security of a loan and whether appellee relied upon such representations. (Emphasis ours) Under this record if the issues had been submitted, such submission would have been in direct conflict with the contentions and evidence of appellee as he testified one of the reasons he signed the note was so his brother, T. R. Johnson, wouldn't lose his $3,500.00 down payment.

■ Under this record, we think it is clear that there is a distinction between a parol condition affecting the delivery of a written obligation and one affecting its payment. Herein, appellee claims he was not obligated to pay the note because McPherson agreed he would never have to pay. Where a note was delivered in payment of a car to be delivered the next day, and the car was never delivered, the maker could show, as between the maker and the payee, the conditional delivery. Under this record the appellee does not contend he was to become liable on the note under certain circumstances, but he was never to be

liable for the payment of the note. An understanding of this nature may not be shown by extrinsic evidence as a defense to the note because it clearly contradicts the unconditional promise expressed in the written instrument to pay a sum certain in money on a fixed future date. Helmke v. Prasifka, 17 S.W.2d 463 (writ dism'd) and cases there cited. Kuper v. Schmidt, 161 Tex. 189, 338 S.W.2d 948 and cases there cited.

Since we are of the opinion, and so hold, that the trial court erred in admitting the parol evidence contradicting the obligation of appellee to pay the note in question, and in granting judgment on the verdict, the judgment of the trial court is reversed and judgment is here rendered in favor of the appellants as against the appellee for the principal of the note in the sum of $6,095.95, together with interest and attorneys' fees as provided for in the note. Judgment of the trial court is reversed and rendered.