**D. M. DARDEN, Jr., Appellant,**

v.

**Peggy Sames HARRISON, Appellee.**

**No. 5209.**

Court of Civil Appeals of Texas, Waco.

April 26, 1973.

Rehearing Denied May 31, 1973.

David G. Copeland, Waco, for appellant.

Leonard L. Gorin, Waco, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Darden from judgment against him on two notes, totaling $23,020.36, payable to Frank B. Tirey, Jr.

Plaintiff Harrison, surviving widow, Independent Executrix, and sole devisee of Frank B. Tirey, Jr., sued defendant Darden on two promissory notes executed by defendant to Tirey on February 13, 1967. One was due three years after date, the other was due five years after date. Tirey died in 1969. Demands for payment were refused, and plaintiff filed suit. Defendant answered that the notes were made without consideration, and made for the purpose of accommodating Tirey in order that he might use the same for collateral.

Trial was to a jury which found:

1) There was no consideration for the notes.

2) Darden signed and delivered the notes to Tirey so that Tirey could make a financial statement and get a loan at the bank to get Tirey's and Darden's business straightened out.

3) Darden signed and delivered the notes to Tirey so that Tirey could make a financial statement and get a loan at the bank to settle up with and pay Darden.

Plaintiff filed motion to disregard the jury's answer to Issue 1, which the trial court granted, and then rendered judgment for plaintiff on the two notes.

Defendant appeals on 5 points contending:

1) The trial court erred in rendering judgment for plaintiff because there was evidence to sustain the jury's answer to Issue 1.

2) The trial court erred in not rendering judgment for defendant on the jury's answer to Issue 2, "as such issue clearly shows the notes were purely accomodation notes and were without consideration."

3) The trial court erred in not rendering judgment for defendant on the jury's an-

swer to Issue 3, "as such issue clearly shows the notes were purely accomodation notes and were without consideration."

4) The trial court erred in not rendering judgment for defendant on the jury's answer to Issue 3, as such clearly shows Tirey owed Darden and "consequently there was no consideration for such notes."

5) The trial court erred in rendering judgment for plaintiff because Issues 2 and 3 clearly show the signing of the notes were due to and a part of an illegal transaction for Tirey to make a false financial statement to deceive the bank, and that the illegality of such transaction vitiated and rendered the notes unenforceable.

Plaintiff testified she was the widow of the payee in the notes; that he died in November 1969; that she was sole beneficiary under his will and independent executrix of his estate. The notes were received in evidence without objection.

Defendant's witness Don Warren testified he worked for Brazos Cattle Company, a partnership composed of Tirey and Darden; that he was present when the two notes were signed; that Tirey said the odd figures in the $7520.36 note was used so they would not look fictitious; that Tirey said he wanted the notes so he could show them on a financial statement, borrow money at the bank and pay Darden whatever he owed and settle up with Brazos Cattle Company. Warren further testified he did not know that Darden did not owe the money represented by the notes; that he did not know anything about any of the business dealings between Darden and Tirey before the date of the notes except cattle sold, and did not know "who owes who or how much", between Tirey and Darden; did not know of any debts, claims or previous transactions the parties may have intended to settle by the notes; and for all he knew Darden could have owed Tirey twice or ten times the money represented by the notes. Warren testified that at the time the notes were given no memorandum was given to Darden or asked for by Darden showing the notes were not good; and he did not know whether the notes were ever shown on any financial statement. Warren further testified he did not know but that Darden and Tirey didn't settle all the differences they had except these notes before Tirey's death.

■ The introduction of the note in evidence established a prima facie case against the maker for face value of the note. Schreiber v. Jones, Tex.Civ.App., NWH, 278 S.W.2d 902; Article 3.307 Texas Business & Commerce Code, V.T.C.A.

■ The burden of proof is on defendant to establish that there was no consideration for the notes sued on. Articles 3.307 & 3.408 Texas Business & Commerce Code; Newton v. Newton, 77 Tex. 508, 14 S.W. 157.

■ And defendant's burden in showing no consideration is not met unless defendant proves the absence of all elements which in law could constitute consideration. Shaw v. McShane, Tex.Com.App., 50 S.W.2d 278; Carter v. Richardson, Tex. Civ.App., NRE, 315 S.W.2d 378.

■ Tirey's promise to put the notes on a financial statement and obtain a loan to straighten out Tirey's and Darden's partnership business or to settle up and pay Darden is valid consideration for the notes. Texas Farm Bureau Cotton Ass'n v. Stovall, 113 Tex. 273, 253 S.W. 1101; Texas Gas Utilities Co. v. Barrett, Tex., 460 S. W.2d 409; Lassiter v. Boxwell Brothers, Inc., Tex.Civ.App., NWH, 362 S.W.2d 884; Thrift Packing Co. v. Royal Mfg. Co., Tex.Civ.App., Er.Dismd., 27 S.W.2d 255; Lewis v. Ada Employees Credit Union, Tex.Civ.App., NRE, 383 S.W.2d 864. See also: Commercial Inv. Co. of Uvalde v. Graves, Tex.Civ.App., Er.Ref., 132 S.W.2d 439.

Defendant did not discharge his burden of proving the notes were without consideration. Points 1 thru 4 are overruled.

Defendant's 5th point asserts the notes unenforceable since they were part of an illegal transaction for Tirey to make a false financial statement. There is no proof the notes were without consideration or that any illegal transaction took place. And defendant did not plead such defense as required by Rule 94 Texas Rules of Civil Procedure. Point 5 is overruled.

Affirmed.