**B. J. HOLLEMAN, Appellant,**

v.

**HALLIBURTON COMPANY, Appellee.**

No. 17083.

Court of Civil Appeals of Texas, Fort Worth.

Jan. 30, 1970.

Rehearing Denied March 6, 1970.

William D. Campbell, Fort Worth, for appellant.

Shannon, Gracey, Ratliff & Miller, and Robert D. Wilkes, Fort Worth, for appellee.

## OPINION

LANGDON, Justice.

This appeal is from a summary judgment.

The Halliburton Company, appellee, initiated suit against B. J. Holleman on a promissory note and then filed a motion for summary judgment against appellant with attached affidavit and exhibits. Appellant filed sworn pleadings and opposing affidavit.

In its appeal from the summary judgment the appellant asserts that the court erred in failing to find that the following matters were raised as issues of fact: (1) lack of consideration; (2) waiver and estoppel to enforce the alleged note (a) as binding obligation of appellant, and (b) against appellant at time suit filed; (3) fraud in securing appellant's signature; and (4) the balance due on the note.

We affirm.

The record reflects that the appellant signed three separate legal instruments acknowledging that a just debt was owed to the appellee. The first of such instruments was a guaranty agreement dated April 15, 1965. At this time Comanche Oil, Inc., hereinafter referred to as Comanche, owed appellee $15,765.33 as a valid past due obligation for materials, equipment and services furnished to it for oil field work done in the states of Ohio, Indiana and Michigan. In consideration of appellee *temporarily* withholding legal action against Comanche and of extending additional credit to it, B. J. Holleman, appellant, and R. A. Sellers (not a party), executed and delivered a letter of guaranty unconditionally guaranteeing the payment of the delinquent account in the sum of $15,765.33, as well as any future indebtedness of Comanche up to a limit of *$30,000.-00* whether such indebtedness was in the form of notes, bills or open account. It was recited in the letter of guaranty that Sellers and Holleman, the appellant, were to be *primarily* liable for the indebtedness assumed by them. At the time he executed the letter of guaranty the appellant, B. J. Holleman, was the President and one of the principal stockholders of Comanche Oil, Inc. He has at no time denied the execution of the guaranty agreement. (Emphasis ours.)

The second acknowledgment of indebtedness was in the form of the promissory note.

The appellee, in reliance upon the letter of guaranty, continued to extend credit to Comanche. As of November 30, 1965, Comanche was indebted to appellee in the amount of $30,571.09. To evidence the then existing indebtedness to appellee as per the letter of guaranty, the appellant, Holleman, and R. A. Sellers, each *individually,* and Comanche Oil, Inc., by and through its President, B. J. Holleman, executed a note dated November 15, 1965, in the principal sum of $30,000.00. Under the terms of this note the makers promised to pay on demand to appellee such amount with interest at the rate of seven per cent (7%) per annum from date until paid. The note provided that the liabilities of the makers shall be joint and several. Appellant has at no time denied the execution of the note. (Emphasis ours.)

On January 31, 1966, the sum of $130.30 was paid on the note leaving a principal balance due in the amount of $29,869.70. On June 30, 1966, appellant, individually, in order to secure payment of the note, executed and delivered to appellee a mortgage on certain oil, gas and mineral leases in Lincoln County, Oklahoma. This was the third acknowledgment of the debt. Therein the appellant, as the mortgagor, stated: "* * * *the MORTGAGOR is indebted and hereby acknowledges such indebtedness to the MORTGAGEE (appellee) in the amount of Twenty Nine Thousand Eight Hundred Sixty Nine and 70/100 ($29,869.70). * * *"* (Emphasis ours.) Appellant has at no time denied the execution of this instrument.

On February 21, 1968, the appellee released to one J. D. McQuillen all of its interests covered in the mortgage for $1,000.-00 which sum was applied to the principal of the note. This left a balance due on the note in the amount of $28,869.70 which included principal, interest and attorney's fees. The latter figure is the amount sued

upon by appellee. Appellant signed the instrument which provided that the sum of $1,000.00 be paid to appellee, yet in his affidavit he disclaims any knowledge of it until sometime in 1969. He makes no complaint as to the payment or the fact the note was reduced by such sum. He makes no denial that the $1,000.00 was applied to the note.

In his reply (pleading) to the motion for summary judgment the appellant says that his affidavit raises fact issues in connection with the alleged cause of action including fact issues on *want of or failure of consideration, due date of obligation and amount of indebtedness,* if any, between the parties. No mention is made in the reply as to fraud, waiver or estoppel which are raised for the first time on appeal. (Emphasis ours.)

An affidavit was filed by appellant in opposition to the motion for summary judgment. He then filed "Defendant's Supplemental Petition and Cross-Action." In the latter he claimed the appellee, in attempting to perform a contract to furnish materials and labor in connection with cementing procedures for Comanche on the No. 1 Barker, Milford, Indiana well, failed to perform in a good and workmanlike manner and as a direct result thereof Comanche was damaged by at least $50,000.00 and the charges for material and labor of approximately $8,000.00 were valueless to Comanche.

The judgment appealed from recites that "IT IS FURTHER THE ORDER OF JUDGMENT AND DECREE of this Court that the Cross Action of Comanche Oil, Inc., a corporation, and defendant B. J. Holleman against the plaintiff Halliburton Company be and the same is hereby severed from this cause of action and the Clerk of this Court is hereby ordered to set up a separate docket under a separate heading for the claim of Comanche Oil, Inc. and B. J. Holleman against the Halliburton Company." No complaint is made on this appeal as to severance of the cross-action.

■ Appellant's point on consideration states: "Appellant's opposing affidavit clearly raises an issue of whether said alleged note was signed by appellant for any reason other than a convenience recordwise for appellee. * * *"

This is not a viable complaint. It is in direct conflict with cases holding that such a note cannot be contradicted by parol representations of the payee that the maker of the note was not to be held liable thereon. Jones v. Hubbard, 302 S.W.2d 493 (Waco Tex.Civ.App., 1957, ref., n.r.e.); Rule 166–A, Texas Rules of Civil Procedure, providing that the affidavits shall set forth such facts as would be admissible in evidence; McPherson v. Johnson, 436 S.W.2d 930, 933 (Amarillo Tex.Civ.App., 1968, ref., n.r.e.); Howeth v. Davenport, 311 S. W.2d 480 (San Antonio Tex.Civ.App., 1958, ref., n.r.e.). In the latter case the Court held that the testimony of the maker signing the note on representation that the note would merely serve as a memorandum and would never be presented for payment was inadmissible ·under the parol evidence rule. Sanders v. Cloud, 409 S.W.2d 876 (Waco Tex.Civ.App., 1966, no writ hist.); Mason v. Mid-Continent Supply Company, 374 S.W.2d 922 (Fort Worth Tex.Civ.App., 1964, ref., n.r.e.).

By his second, third and fourth points of error the appellant urges that issues of fact were raised as to estoppel, waiver and fraud. These affirmative defenses were not raised in any of the pleadings filed by the appellant. The matters are raised for the first time by the appellant on this appeal based upon rather vague language contained in his affidavit with reference to language contained in the guaranty agreement.

■ The Supreme Court in Womack v. Allstate Insurance Company, 156 Tex. 467, 296 S.W.2d 233, held, " * * * that when the affidavits or other summary judgment 'evidence' disclose facts which render the position of the moving party untenable, summary judgment should be denied regardless of defects which may exist in the pleadings of the opposite party." Thus Rule 94, T.R.C.P., requiring certain defenses to be affirmatively pleaded, is not applicable in summary judgment proceedings. A " * * * summary judgment may be rendered only if the pleadings, depositions, admissions and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Womack v. Allstate Insurance Company, supra. To the same effect see Smith v. Crockett Production Credit Association, 372 S.W.2d 956 (Houston Tex.Civ.App., 1963, ref., n.r.e.).

In the case at bar we are unable to find in the summary judgment, "evidence" including the affidavits of the appellant, the disclosure of any facts which would render the position of the moving party untenable.

The cases cited above which excuse the failure to affirmatively plead waiver, estoppel and fraud in summary proceedings do not obviate the necessity of alleging or showing with particularity facts which are essential to establish the elements of such affirmative defenses and further that admissible evidence is available to support same.

We find no admissible evidence to support such facts in the case at bar. The statements contained in the affidavit of the appellant would amount to no more than a general denial. They are merely conclusions without any factual basis in the record. The facts contained in the record point in the other direction and sustain the position of the moving party, the appellee.

The appellant states that appellee's affidavit by its credit manager admits that it agreed to withhold legal action on the Comanche Oil, Inc. debt at the time of the signing of the alleged guaranty contract, but did not state how long appellee agreed to withhold legal action. The case at bar involves a suit on a promissory note which was executed following the guaranty agreement. The latter was executed on April 15, 1965. The note evidencing the prior in-

debtedness and that incurred in reliance on the guaranty agreement was executed on November 15, 1965, some seven months later.

When the guaranty contract was signed on April 15, 1965, Comanche Oil, Inc. was indebted to appellee in the amount of $15,765.33. The guaranty agreement clearly states that the consideration was for temporarily withholding legal action and was signed by appellant so that additional credit would be extended to Comanche. It should be emphasized that this suit is on the promissory note, not the guaranty contract.

This suit was filed on April 4, 1969, nearly four years after the execution of the guaranty agreement and some three and one-half years after the execution of the note made the basis of the suit. The appellant's contention that the language contained in the guaranty agreement can be construed in such a way as to bar appellee from suing on a valid debt (evidenced by the promissory note) for an amount which is almost double the amount owed by him at the time of the execution of the guaranty agreement is untenable.

As to appellant's final point we are of the opinion that the trial court was correct in finding no issue of fact as to the balance due.

The statement contained in the appellant's affidavit and pleadings that all offsets and credits had not been allowed on the note in question was a conclusion on his part. The "* * * affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Rule 166–A, supra. At this point it should be noted that Exhibit 2 attached to the affidavit of the appellee consists of a statement for services rendered to Comanche for the month ending on November 30, 1965. This statement consists of the "Well No., Farm, Place or Destination, Invoice Number,

Date and Amount" of each item, the last entry of which was on November 8, 1965. The total amount of the statement was $30,571.09.

The note dated November 15, 1965, was for $30,000.00 in line with the limitation to such amount contained in the letter of guaranty.

It is obvious that the sum of $571.09 in excess of the $30,000.00 limit contained in the letter of guaranty was omitted from the note executed on November 15, 1965, which was approximately one week from the date of the last invoice listed in the statement of account.

We find no reference to any facts admissible in evidence to indicate that the appellant raised any question as to the justness of the statement above referred to or any of the many items enumerated therein at the time he executed the note in question in an amount less than the total amount of the statement.

On July 9, 1969, more than three and one-half years later, when confronted with the motion for summary judgment and the exhibits filed in support thereof, the appellant executed an affidavit stating that Invoices Nos. 153774 and BC221128 in the sums of $491.24 and $502.41, respectively, contained in the statement of accounts were credits due Comanche. The affidavit contains no particulars as to why. It amounts to no more than a statement, without reason or support as to why such credits were due. Testimony in support of such contention would be in violation of the parol evidence rule. These are questions which should have been raised before he signed the note in question. Such assertions at this late date, without more, will not defeat the summary judgment.

In connection with the question of offset and credit it has been previously noted that the appellant filed a cross-action wherein he alleged that Comanche was due certain offsets and damages from the appellee. Since the cross-action of Comanche and the appellant against the appellee has been

severed, the appellant will have his day in court to prove such offsets, credits and damages, if any, to which he is entitled.

Under our view of the record in this case the appellee has established that no genuine issue as to any material fact is involved in this suit and that it is entitled to judgment as a matter of law.

All points of error are overruled and the judgment of the trial court is affirmed.