**TEXAS EXPORT DEVELOPMENT CORPORATION and George E. Rodgerson, Appellants,**

v.

**James M. SCHLEDER and Bernard J. Dolenz, Appellees.**

**No. 18477.**

Court of Civil Appeals of Texas, Dallas.

Dec. 30, 1974.

Rehearing Denied Jan. 16, 1975.

John L. Burke, Dallas, for appellants.

Richard C. Guinan, Jr., Elliott, Meer, Vetter, Denton & Bates, Dallas, for appellees.

CLAUDE WILLIAMS, Chief Justice.

James M. Schleder and Bernard J. Dolenz brought this action against Texas Export Development Corporation, George E. Rodgerson, and Wes Wise, seeking to recover on a promissory note. The trial court sustained motion for summary judgment filed by the plaintiffs and rendered judgment against all defendants for the amount of the note, interest, and attorney fees. Only Rodgerson and Texas Export Development Corporation have appealed. We affirm.

In an affidavit filed in opposition to the motion for summary judgment, Rodgerson said that he, Schleder, Dolenz, and Wise were stockholders in the Texas Export Development Corporation which was interested in oil development. Rodgerson contended that a Mr. A. B. Isip had represented to the corporation's stockholders that through his personal contacts in the Far East he would be able to obtain exclusive rights for the corporation to sell Indonesian oil throughout the North American Continent. Rodgerson claimed that Isip also represented to the corporation that it would receive approximately 3 million barrels of Indonesian oil per month. Rodgerson further stated that to effectuate this oil deal it was essential for Mr. Isip to go to the Far East and make his necessary contacts but that the corporation did not have the necessary funds to finance such trip. He contends that the funds advanced by Schleder and Dolenz went to the corporation for the purpose of financing Isip's trip. The note in question was dated March 16, 1973, in the sum of $25,000, payable to Schleder and Dolenz and executed by the corporation and by Rodgerson, both for the corporation and individually. It was also executed by Wes Wise.

On the same day that this note was executed the parties executed a written agreement whereby the corporation agreed to pay a fee of one cent per barrel from the sale of crude oil to Schleder and Dolenz for services they had rendered the corporation.

The oil deal did not materialize and when the note was not paid in accordance with its terms, this action was instituted which resulted in the summary judgment.

Appellants present sixteen points of error which may be summarized as contending that genuine issues of material fact were raised in the following respects: (1) that appellees agreed not to hold the appellants responsible for repayment of the note but would look only to the oil money which they expected the corporation to receive for satisfaction of the note; (2) that a contemporaneous written agreement evidences the intention of appellees to relieve appellants from the obligation to repay; (3) that Rodgerson received no consideration upon execution of the note, and, (4) that appellants were fraudulently induced to sign the note.

We resolve these questions by applying well-recognized rules laid down by our Supreme Court governing the validity of summary judgments rendered pursuant to Texas Rules of Civil Procedure, 166–A; Gibbs v. General Motor Corp., 450 S.W.2d 827 (Tex.1970); Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41 (Tex.1965); Gulf, C. & S. F. Ry. v. McBride, 159 Tex. 442, 322 S.W.2d 492 (1958); Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929 (1952). Having applied these rules we find no merit in any of the points presented by appellants.

In support of the first contention, Rodgerson points to his affidavit filed in opposition to the motion wherein he states that prior to the time he signed the note Schleder and Dolenz told him they would look only to the oil money which they expected the corporation to receive for satisfaction of the promissory note. Rodgerson argues that this oral agreement on the part of appellees, the payees of the note in question, relieves him of legal liability or

at least created an issue of fact which should have been submitted to a trier of fact.

■ The promissory note, however, is in usual form and makes no reference to any oral agreements modifying its terms. It is elementary that written instruments such as the note in question may not be varied by evidence of an oral agreement that contravenes the terms of the written instrument. It would be error for the court to consider such parol evidence as a basis for any finding of fact to defeat the written instrument. Conversations and negotiations preceding the execution of written instruments are inadmissible since same are deemed to have been merged in the writing itself. Holleman v. Halliburton Co., 450 S.W.2d 883, 886 (Tex.Civ.App.— Fort Worth 1970, no writ); McPherson v. Johnson, 436 S.W.2d 930, 932 (Tex.Civ. App.—Amarillo 1968, writ ref'd n. r. e.); Wheeler v. Thomas, 328 S.W.2d 891, 895 (Tex.Civ.App.—Beaumont 1959, no writ); 2 McCormick and Ray, Texas Law of Evidence § 1601 (2d ed. 1956). Under these familiar principles of law the parol evidence tendered by Rodgerson is inadmissible because it negates the very obligation imposed upon him in the written instrument. The note itself contains an unconditional promise to pay a sum certain in money on a fixed future date, and this obligation cannot be contradicted by parol evidence. Snowden v. Franklin Nat'l Bank, 338 F.2d 995, 996 (5th Cir. 1964); Kuper v. Schmidt, 161 Tex. 189, 338 S.W.2d 948, 952 (1960); Howeth v. Davenport, 311 S. W.2d 480, 482 (Tex.Civ.App.—San Antonio 1958, writ ref'd n. r. e.); Jones v. Hubbard, 302 S.W.2d 493, 495 (Tex.Civ. App.—Waco 1957, writ ref'd n. r. e.); and Dean v. Allied Oil Co., 261 S.W.2d 900, 902 (Tex.Civ.App.—Waco 1953, writ dism'd).

■ Appellants made the alternative contention that only Texas Export Development Corporation would be liable for re-

payment of the loan "upon the conditions precedent that Isip make the oil deals in Indonesia and the corporation receive oil for resale and said conditions precedent were not performed." Rodgerson contends that appellees "knew that performance of the agreements involved in the transaction would be impossible without oil money and, therefore, appellees should be estopped to attempt enforcement of impossible agreements." Obviously, these contentions are dependent upon the alleged oral understanding that appellants would look only to the oil profits for satisfaction of their note. We have held that the parol evidence asserted in Rodgerson's affidavit to be inadmissible and, therefore, the contention advanced is untenable. As pointed out in Kuper v. Schmidt, 161 Tex. 189, 338 S. W.2d 948, 952 (1960), there is a distinction between a parol condition affecting delivery of a negotiable instrument and one affecting its payment. Pursuant to the express terms of Tex.Bus. & Comm.Code Ann. § 3.306 (Vernon's Tex.Code Ann. 1968);

> Unless he has the rights of a holder in due course any person takes the instrument subject to
>
> .   .   .   .   .   .
>
> (3) the defenses of . . . non-performance of any condition precedent, non-delivery, or delivery for special purpose .   .   ..

On the other hand a parol condition or agreement relating to payment of a delivered instrument is unenforceable if it operates to supplement, take from, or vary the terms of the written instrument. Schwarz v. Straus-Frank Co., 382 S.W.2d 176 (Tex.Civ.App.—San Antonio 1964, writ ref'd n. r. e.).

■ When viewed in the light most favorable to appellants, Rodgerson's affidavit does not suggest delivery for a special purpose or that the parties intended for the instrument to become effective only upon

the happening of some future contingency. It shows nothing more than an alleged oral understanding that appellants would look solely to expected oil profits for reimbursement. An understanding of this nature may not be shown by extrinsic evidence as a defense to the note because it contravenes the unconditional promise expressed in the written instrument. E. g., Helmke v. Prasifka, 17 S.W.2d 463, 464 (Tex.Civ.App.—San Antonio 1929, writ ref'd).

■ In support of their second contention appellants argue that the written agreement executed by the parties on March 16, 1973, contemporaneous with the execution of the note in question, evidences the true intent of the parties concerning the real obligation imposed by the promissory note. They contend that notwithstanding the parol evidence offered in Rodgerson's affidavit, the written agreement demonstrates the parties' real intent to hold only the corporation responsible for the repayment of the promissory note out of expected oil profits. We cannot agree.

Tex.Bus. & Comm.Code Ann. § 3.119 (Vernon 1968), provides that:

As between the obligor and his immediate obligee or any transferee the terms of an instrument may be modified or affected by any other written agreement executed as a part of the same transaction . . ..

As explained in comment 3 under this section are the words:

"[m]ay be modified or affected," does not mean that the separate agreement must necessarily be given effect. There is still room for construction of the writing as not intended to affect the instrument at all . . ..

The March 16, 1973, written agreement does not affect or modify the promissory note in any respect. It does not refer to the note either directly or indirectly. It simply recites that the Texas Export Development Corporation was attempting to develop a foreign source of crude oil for import into the United States and for services rendered to the corporation, Schleder and Dolenz shall be entitled to receive a fee of one cent per barrel from the expected sale of crude oil. In oral argument before the court appellants' attorney conceded that the written agreement, standing alone, did not alter or modify the promissory note but attempted to justify Rodgerson's parol testimony so as to add to and supplement the terms of the written instrument. Under the authorities above set forth this cannot be done.

■ Appellants' third contention is that neither the corporation nor Rodgerson received benefit from the $25,000 provided by appellees and, therefore, pursuant to Tex.Bus. & Comm.Code Ann. § 3.408 (Vernon 1968) the defense of want of consideration was established. The record does not support this contention.

■ The corporation obviously realized consideration from the execution of the promissory note when the appellees deposited $25,000 in the corporation's account at the Metro Bank of Dallas. Rodgerson as co-maker of the note, as well as stockholder and officer in the corporation, cannot claim the defense of want of consideration since appellees advanced $25,000 in reliance on his signature. It is elementary that consideration for a note may be a detriment to the promisee as well as a benefit to the promissor. Lassiter v. Boxwell Bros., 362 S.W.2d 884, 886 (Tex.Civ.App.—Amarillo 1962, writ ref'd n. r. e.).

In their fourth, and final contention, appellants say that there were genuine issues of material fact concerning the question of whether appellees were induced to sign the note by fraud. Appellant Rodgerson's summary-judgment evidence does not sup-

port this contention. In his affidavit he simply states that he signed the note with the agreement and understanding with appellees that as chief officer of the corporation he was guaranteeing that the note would be repaid only out of oil money which all parties understood was virtually certain to be received by the corporation.

■ A representation on the part of a payee of a note that he would not look to the maker for payment but to profits of a venture does not constitute fraud and is not a defense to a note. Holliday v. Anderson, 428 S.W.2d 479 (Tex.Civ.App.—Waco 1968, no writ); Martin v. Coastal States Gas Producing Co., 417 S.W.2d 91 (Tex.Civ.App.—Eastland 1967, no writ); and McPherson v. Johnson, 436 S.W.2d 930 (Tex.Civ.App.—Amarillo 1968, writ ref'd n. r. e.).

■ The summary-judgment proof demonstrates conclusively that the $25,000 was loaned to appellants to finance Isip's trip to the Far East. This was the only inducement to execute the note and Rodgerson admits that he understood the transaction. He does not contend that there was any trickery on the part of the appellees that caused him to sign the note. A party to a written agreement is charged as a matter of law with knowledge of its provisions and as a matter of law cannot claim fraud when he is bound to the provisions unless he can demonstrate that he was tricked into its execution. Thigpen v. Locke, Tex., 363 S.W.2d 247 (1962); Estes v. Republic Nat'l Bank, 462 S.W.2d 273 (Tex.1970).

We have carefully considered all of appellants' points of error and finding the same to be without merit they are overruled.

The judgment of the trial court is affirmed.