BANK OF HAWAII, Plaintiff-Appellee, *v.* JERRY E. ALLEN, Defendant-Appellant and Third-Party Plaintiff, *v.* HERBERT HANDLEY, Third-Party Defendant

NO. 6959

MAY 11, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per Curiam.* Appeal is taken from the court's entry of summary judgment in favor of the Bank of Hawaii.

At issue is whether, in this action by the bank on a jointly executed promissory note, summary judgment is appropriate. We hold that it is and affirm the judgment of the trial court.

The evidence is that in May of 1974 Appellant Jerry E. Allen and Herbert Handley jointly executed and delivered to the Bank of Hawaii a promissory note[1] in the amount of seventy thousand dollars ($70,000.00) plus interest. Their liability was joint and several and the note was due on October 1, 1974. Allen paid five hundred dollars on the note, but thereafter the note was in default. The Bank of Hawaii brought this action on the note in September 1977, and the court entered summary judgment in its favor in January 1978.

On appeal, Allen argues that the Bank of Hawaii was not entitled to summary judgment because (1) he was fraudulently induced by the bank to sign the note and (2) he had mistakenly signed the note in his individual capacity while intending to sign as president of The Homes Corporation, a closely held corporation whose sole stockholders were Allen and his wife.

Appellant first contends that he was fraudulently induced to sign the note by representations allegedly made by the bank's lending officer that it was relying on the credit of Handley and not Allen; hence, a genuine issue exists as to whether there was fraudulent inducement. We disagree.

To constitute fraudulent inducement sufficient to invalidate the terms of the contract, there must be (1) a representation of a material fact, (2) made for the purpose of inducing the other party to act, (3) known to be false but reasonably believed true by the other party, and (4) upon which he relies and acts to his damage. *Shanahan v. Schindler*, 63 Ill. App. 3d 82, 379 N.E.2d 1307 (1978); *see also Kang v. Harrington*, 59 Haw. 652, 587 P.2d 285 (1978). Appellant's evidence opposing the motion does not meet the test of fraudulent inducement. Compare with *Cosmopolitan Financial v. Runnels*, 2 Haw. App. 33, 625 P.2d 390 (1981), wherein a bank officer assured the guarantors on a promissory note that they would not ever incur liability and that their signatures were needed to deceive the state

---

[1] The May 1974 note was the third in a series of notes drawn by the parties beginning on April 30, 1973. The proceeds of the subsequently drawn notes were used to pay the previously drawn and then overdue notes.

bank examiner, and the guarantors relied on the representation to their detriment.

In a summary judgment action on a promissory note similar to the case at bar, a Texas civil appeals court found that a mere representation on the part of a payee of a note that he would not look to the maker (a corporate officer) for payment but to the profits of a proposed venture did not give rise to fraudulent inducement and was not a defense to an action brought on the unpaid promissory note. *Texas Export Development Corporation v. Schleder*, 519 S.W.2d 134 (1975). We are in accord with that view.

Appellant then argues that he cannot be personally liable because he *believed* he was signing the note as president of The Homes Corporation and, therefore, a material issue is raised as to who is liable on the note. The note in evidence indicates on its face that Handley and the appellant were co-makers on the note and both signed in their individual capacities.

Appellant's affidavit does not disclose the existence of any reasonable basis to presume that the bank should have or could have known that he was signing the instrument only in his corporate capacity. In any event, mistake of the kind appellant argues as defense is not favored by the courts of most jurisdictions; and where there is evidence that an obligor understands or should understand the language and effect of a note when he willingly signs and executes it, he is not permitted to dispute or deny the obligation by way of mistake. 11 AM. JUR. 2d *Bills and Notes* § 726 (1963). An obligor on a promissory note raising the defense of mistake bears the heavy burden of proof in attempting to defeat the obligation incurred in execution of the note. Appellant has not met this burden and is not entitled to this defense. However, even if we assume that at the time he signed the note he had intended to sign on behalf of The Homes Corporation, the provisions governing commercial paper at Hawaii Revised Statutes § 490:3-403(2)(a) would confer personal liability for the note on the appellant.

HRS § 490:3-403(2)(a) provides that:

(2) An authorized representative who signs his own name to an instrument

(a) Is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity[.]

Thus, contrary to appellant's contention on appeal, no genuine issue of material fact is raised as to whether the appellant or The Homes Corporation incurred obligation on the note; nor is there a genuine issue of material fact raised on appellant's allegation of fraudulent inducement. *Kawaihae v. Hawaiian Insurance Companies,* 1 Haw. App. 355, 619 P.2d 1086 (1980). Accordingly, the judgment is affirmed.

*David W. Proudfoot (Ted Gamble Clause* on the briefs) for plaintiff-appellee.

*John H. Robinson* for defendant-appellant and third-party plaintiff.